# In the

# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 03-1110, 03-1113 & 03-1195

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL SPANO, SR., EMIL SCHULLO,
and JAMES INENDINO,

*Defendants-Appellants.*

---

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 30—**Ruben Castillo**, *Judge.*

---

SUBMITTED FEBRUARY 3, 2006—DECIDED MAY 9, 2006

---

Before CUDAHY, KANNE, and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* After a trial, the defendants were convicted on various charges relating to a scheme to defraud the Town of Cicero, Illinois, and sentenced to prison. On appeal we affirmed the convictions but ordered a limited remand to ask the judge whether he would have imposed the same sentences had he known that the Guidelines were advisory. *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). Judge Castillo answered that he would. We now affirm because we are unpersuaded by the defendants' arguments that the judge failed to exercise his discretion and because we conclude that the sentences are reasonable.

The defendants rely heavily on certain comments of the district court judge, expressed in his response to our *Paladino* remand, to argue that the judge in fact failed to exercise the discretion afforded by *United States v. Booker*, 543 U.S. 220 (2005). These comments include the judge's opinion that our precedent concerning sentencing post-*Booker* is "somewhat contradictory," and his opinion that we erred by sending him this *Paladino* remand.

A refusal or failure to exercise the discretion afforded by *Booker* (or our inability to determine whether discretion was actually exercised) would require a further remand. *See United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). But a fair reading of Judge Castillo's response does not support that conclusion. The judge made it clear that he was reviewing the defendants' sentences again "in light of all of the § 3553(a) factors," and he explained for each individual defendant why he believed the Guidelines sentence was appropriate.

Nor is the judge's explanation insufficient. It is true that the judge focused more on the original sentencing hearing than any new (by which we mean post-remand) analysis of the § 3553(a) factors, but this is entirely understandable given the paucity of the defendants' arguments below. Neither Spano nor Schullo presented any analysis of the § 3553(a) factors and Inendino's exhortation to look at his "real conduct" was considered, albeit briefly, and rejected. On a *Paladino* remand a judge need not employ a full-fledged methodology for measuring the reasonableness of the Guidelines sentence against § 3553(a). *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). And the need for a judge to explain in detail his consideration of the § 3553(a) factors when choosing to stick with the Guidelines sentence is proportional to the arguments made by the defendants. *See Cunningham*, 429 F.3d at 678. When the judge is not presented with much, he need not explain

much. *See id.* In this case, the judge's explanation was sufficient.

We still must consider for ourselves whether the sentences are reasonable. "[A]ny sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). There is no challenge as to the proper calculations of the Guidelines sentences. Therefore, the defendants must rebut the presumption of reasonableness attached to the Guidelines sentences "'by demonstrating that [their] . . . sentence[s] [are] unreasonable when measured against the factors set forth in § 3553(a).'" *United States v. Brock*, 433 F.3d 931, 938 (7th Cir. 2006) (quoting *Mykytiuk*, 415 F.3d at 608).

None of the defendants have made this showing. Neither Schullo nor Spano provide any reasons why their sentences are unreasonable when measured against the § 3553(a) factors, and we see none. Inendino, without any specific reference to § 3553(a), argues that his sentence of 78 months' imprisonment is unreasonable because he only received about $3,100 in profit from the illegal scheme, and because he allegedly thought the fraudulent contract which formed the basis of the criminal conduct was "legit." These arguments, however, ignore the jury's conclusion that he was part of a scheme to defraud the Town of Cicero, the loss amount of over $75,000, and his Criminal History Category IV. It is not unreasonable for the district court judge to determine that Inendino's conduct in this case and criminal history were serious enough to warrant a sentence within the Guidelines range. Finally, Schullo argues that our *Paladino* procedure is unconstitutional, but he provides no reason why we should reconsider it in this case–so we will not. *See Brock*, 433 F.3d at 938.

The sentences are AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*