UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

May 30, 2006

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 03-3347, 03-3428, 03-3467,
    03-3617 & 03-3532

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District Court for the Southern District of Indiana, Terre Haute Division |
| *Plaintiff-Appellee*, | |
| *v.* | No. 02 CR 18 |
| FREDERICK H. LENOVER, OSCAR McGRAW, WALTER DuREGGER, JR., and TONY P. McMILLIN, | Larry J. McKinney, *Chief Judge*. |
| *Defendants-Appellants*. | |

**O R D E R**

    Frederick Lenover, Oscar McGraw, Walter DuRegger, Jr., and Tony P. McMillin were involved in the distribution of methamphetamine in west central Indiana. Their convictions were affirmed on direct appeal. United States v. Gray, 410 F.3d 338 (7th Cir. 2005). After the decision in United States v. Booker, 543 U.S. 220 (2005), they were again before us contending that the district court committed plain error at sentencing. In keeping with our decision in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), we remanded the case so that the district judge could tell us whether the sentences he imposed would have been different had he known that the United States Sentencing Guidelines were advisory, not mandatory. In an unpublished order, we accepted the judge's statement that he would have imposed the same sentence had he known at the time that the guidelines were advisory. As Paladino also requires, we then looked at whether the sentences were reasonable. We were unable to make that determination from the

record before us, and we remanded the cases for further consideration. The district judge has now issued orders in each case and in each case has concluded that the sentences as originally imposed should stand.

Booker recognized that, as they were then applied, the guidelines were unconstitutional. The Court's solution was to make the guidelines advisory, rather than mandatory. Under the advisory guideline scheme, a sentence is to be affirmed if it is reasonable, which is the standard of appellate review set out in Booker. The question which then arises at this stage of the proceedings is, what must the district judge do, or say, or find, to allow us to determine whether the sentence is reasonable? It is an issue which arises with some frequency.

The first step in our attempt to answer the question was United States v Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005), in which we established that a sentence within the now-advisory guideline range was "entitled to a rebuttable presumption of reasonableness." The defendant can rebut the presumption "only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in [18 U.S.C.] § 3553(a)." Under the pre-Booker scheme, the use a district judge could make of the § 3553(a) factors was "severely circumscribed" in order to "preserve the mandatory character of the guidelines." United States v. Dean, 414 F.3d 725, 728 (7th Cir. 2005). After Booker, consideration of § 3553(a) factors is mandatory. Id.

One of the § 3553(a) factors most often at issue is "the history and characteristics of the defendant." In the pre-Booker era, the use of the "characteristics" of the defendant was severely circumscribed in departing from the guidelines, though those characteristics might be relevant to the point within the guideline range a sentence might fall. United States v. Brock, 433 F.3d 931 (7th Cir. 2006). Now a judge is required to consider those characteristics. That is, he must consider them if the character of the defendant is put in issue. In other words, the judge is under no obligation to "touch all the bases" of the "vague and, worse perhaps, hopelessly open-ended" factors, but if the factors place the sentence outside the guideline range (as they can), "[e]xplicit factfinding is required" if the contested fact is material to the sentencing decision. Dean, 414 F.3d at 729-30.

If, on the other hand, the sentence imposed is within the guidelines range and is therefore presumptively reasonable, what must the judge do? We have said that in that circumstance, "little explanation is required." United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Our later cases make clear that the phrase ordinarily does not mean "no explanation." And, in fact, we have said a judge cannot ignore the § 3553(a) factors. The defendant must be given an opportunity to draw the judge's attention to any § 3553(a) factor which might call for a different, yet reasonable, sentence. The guidelines, as we said in Dean, "can be trumped by section 3553(a)."

Supposing the defendant does, in fact, call the judge's attention to § 3553(a) factors, what must the judge do or say to evaluate the factors and to show us that he has done so? The answer seems to be, "That depends."

If the factor is significant, it should be discussed, as United States v. Cunningham, 429 F.3d 673 (7th Cir. 2005), makes clear. Cunningham was sentenced at the bottom of the guideline range. He drew the judge's attention to his long history of psychiatric illness as well as alcohol abuse and a marijuana habit. Part of the problem we saw with his sentencing was that, although the judge referred generally to "factors" he adhered to at sentencing, he failed to specifically mention the psychiatric problems and the problems with substance abuse, factors we found highly significant. We found that we could not determine, on that record, whether the judge had properly exercised his discretion. We noted, however, that our holding was based on the relative significance of Cunningham's illness; a judge has no duty to discuss every argument a defendant makes; he need not discuss an argument clearly without merit.

Less than two weeks before the Cunningham decision, we decided United States v. Newsom, 428 F.3d 685 (7th Cir. 2005), in which the district judge did not mention the defendant's depression, alcohol abuse, and work history. There was no contested issue of fact as to these characteristics; it was the significance of the factors which was in dispute. We concluded that the only reasonable way to view the district judge's decision was that it laid out the facts which he found material, not those he did not. We said, however, that it was unfortunate that the judge did not mention the defendant's personal characteristics. We upheld the sentence, in part because, like the district judge, we saw nothing in Newsom's personal history which would undermine the sentence, which was in the middle of the guideline range. In Brock, where the district judge alluded to some, but not all, of the personal characteristics called to his attention, we concluded that the judge was mentioning the factors he found significant, rather than those he did not. Again, we expressed our regret that the other factors were not mentioned. Perhaps we best summed up the situation in United States v. Spano, ___ F.3d ___ , 2006 WL 1230331(7th Cir. May 9, 2006), when we said:

> And the need for a judge to explain in detail his consideration of the § 3553(a) factors when choosing to stick with the Guidelines sentence is proportional to the arguments made by the defendants. When the judge is not presented with much, he need not explain much. (Citation omitted.)

With these observations in mind, we turn to the defendants before us. They were all sentenced within a properly calculated guideline range--more about this later in regard to DuRegger. Their sentences are presumed to be reasonable. But they are allowed to present § 3553(a) factors which would allow the sentencing judge to exercise his discretion to sentence them outside the guideline range or to a different point within the range.

Defendant Lenover was sentenced to 350 months, which was within the guideline range of 324 to 405 months. Following the district court decision confirming his sentence, he did not file an objection in this court. Accordingly, his sentence is affirmed.

Defendant DuRegger was sentenced to 210 months, the low end of the guideline range of 210 to 260 months. His "Response Regarding Appropriate Disposition of Appeal" begins with what can be considered an attack on the guideline calculations. However, his is primarily an argument that the manner in which the guidelines were calculated violates his Sixth Amendment right to trial by jury. He objects, for instance, to the judge making findings regarding drug quantity and his possession of a firearm. Under Booker, those findings violate his Sixth Amendment right, but only if the guidelines are considered mandatory. The remedial portion of the Booker opinion makes clear that such concerns no longer exist with an advisory guideline scheme. We find the guideline range was properly calculated.

As to the § 3553(a) factors in his case, the judge explicitly considered his claims, saying, "there is room under the advisory guideline system to consider a defendant's addiction and its effect on both a defendant's intent and a defendant's health." He continued by saying that DuRegger had been employed throughout his life, and asked, "Do these factors move this Court to not follow the advisory guidelines?" He found that the necessity to protect the public and deter similar conduct "outweigh the considerations of the Defendant's personal circumstances." Further, he found that the Bureau of Prison is equipped to deal with DuRegger's medical and addictive conditions.

DuRegger also argues that there is an unwarranted disparity between his sentence and the sentence given to a Kenneth Crynes, who entered a guilty plea to the conspiracy in this case. Crynes was sentenced to a term of 120 months, 90 more than DuRegger received.

We reject the argument based on disparity of sentences. As we said in Newsom, 428 F.3d at 689, "It is not enough for a defendant to argue that a few cases from any particular circuit seem to cast doubt on his sentence." It may be that there were significant factors, causing Crynes to receive a lesser sentence. The goal of the guidelines was to create national uniformity, and our experience tells us that DuRegger's sentence is not unusual. We see no basis on which to find DuRegger's sentence unreasonable.

Defendant McMillin was sentenced to 235 months on the methamphetamine counts, to be served concurrently, and an additional 60 months on the gun count, to be served consecutively, as required by statute. The guideline range for the methamphetamine counts was 235 to 293 months.

McMillin contends that the judge made a factual error in the order filed after our remand and that he failed to adequately consider the § 3553(a) factors. The alleged factual error is that the judge alludes to McMillin's threatening of a witness even though at the original sentencing hearing the court found that the government had failed to prove that McMillin threatened a witness and declined to impose an enhancement for obstruction of justice. Because the amount of drugs leads to the guideline range, and because McMillin was sentenced to the lowest possible guideline sentence, the statement regarding threatening witnesses is, at best, harmless error. United States v. Schlifer, 403 F.3d 849 (7th Cir. 2005).

As to the § 3553(a) factors, it is true that the judge, while mentioning other § 3553(a) factors, did not say much about McMillin's personal characteristics and circumstances. There was merely an allusion to his "clean record." The clean record is McMillin's most compelling characteristic. The others are less significant, perhaps to the point that they can be "passed over in silence." Cunningham, 429 F.3d at 678. At the very least, it can be considered harmless error not to have mentioned them.

Specifically, McMillin relies on a number of factors which exist in a large number of cases. His father was absent from his home; he suffered economic hardship and unemployment; he used drugs; he was the custodial parent of two children. The latter fact may be more unusual than the others, but in this case, McMillin–no matter what factors are considered--is not going to receive a sentence which is going to allow him to regain custody of the children any time soon. It is also hard to see how much financial help he can be if, as he also alleges, he is often unemployed. For these reasons, the factor loses significance. His sentence will be affirmed.

At first blush, it may seem that defendant McGraw presents a more difficult case. He received a life sentence. He has serious health problems, and there is no mention of those problems in the order. A close look, however, reveals that the judge did not discount § 3553(a) factors. He listed those he found compelling: McGraw's history in the drug trade (§ 3553(a)(1)); the seriousness of the offense (§ 3553(a)(1)(A)); deterrence (§ 3553(a)(1)(B)); protecting the public (§ 3553(a)(1)(C)). McGraw was found to be the leader of the organization. Apparently the judge considered McGraw's health less important than other § 3553(a) factors. It is not hard to see why. Although McGraw does not say what sentence would be appropriate, given his medical condition, he apparently contends he needs medical care now. Is it likely that his sentence would be reduced sufficiently to make a difference as to the care he receives? Would a sentence of, say, 12 months--rather than the advisory guideline sentence of life--be a reasonable one? It would have been helpful to us if the judge had expressed in this case the statement he made in DuRegger's case that the "Bureau of Prisons is equipped to deal with the Defendant's medical and  addictive conditions." But, nevertheless, because there is no relief realistically possible for McGraw which would ensure his medical problems would be taken care of other than by the Bureau, we cannot say that this factor could override all other § 3553(a) factors and the advisory guideline sentence. McGraw cannot show that the advisory guideline sentence is unreasonable when measured against the § 3553(a) factors.

Accordingly, the sentences in all four cases are AFFIRMED.