UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

August 23, 2006

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-1124

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the |
| | Northern District of Illinois, |
| *v.* | Eastern Division |
| DARRYL D. STEELE, | No. 01 CR 1038 |
| *Defendant-Appellant.* | |
| | Amy J. St. Eve, *Judge*. |

**O R D E R**

Darryl Steele was sentenced to 96 months imprisonment following his conviction on one count of conspiracy to commit extortion and one count of attempt to commit extortion in violation of 18 U.S.C. § 1951. He was sentenced before United States v. Booker, 543 U.S. 220 (2005), and our decision on its implementation in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). As a result of those cases, Steele's case was remanded to the district judge so that she could "tell us if her sentence would have been different had the guidelines not been viewed as mandatory."

The district judge has now issued her statement informing us that the sentence would remain the same. She arrived at her decision after reviewing submissions of the parties, the presentence report, and portions of the sentencing hearing transcript. She informs us that she also considered the nature of the offense, the purpose of the sentence, and the advisory sentencing guideline range of

92 to 115 months. She also refers to her statement at the original sentencing hearing that the seriousness of the offense was reflected in the guidelines offense and criminal history levels and that what concerned her was "that you are refusing to accept responsibility for what you have done, or to show any type of remorse for what you have done . . . ."

The judge then moved on to consider the relevant factors under 18 U.S.C. § 3553(a), noting that the sentence reflects the considerations in the statute. She concluded that Steele failed to establish that the sentence was unreasonable in any way.

On appeal, Steele's attorney filed a brief statement stating that a guideline sentence is presumptively reasonable and that the record in this case affords no basis for counsel to argue that the district court's conclusions are an abuse of discretion.

Although that would seem to end the matter, we will briefly mention that we have, nevertheless, reviewed the sentence. It is a sentence within the guidelines range and is therefore, in this circuit, presumptively reasonable.[1] United States v. Mykytiuk, 415 F.3d 606 (7th Cir. 2005). There is no challenge to the guidelines calculation; therefore, Steele must rebut the presumption of reasonableness, which he has made no attempt to do. The district court said little about the § 3553(a) factors, but then neither did Steele. This is not a case like United States v. Cunningham, 429 F.3d 673(7th Cir. 2005), in which a § 3553(a) factor is obviously important but not sufficiently discussed. As we recently said in United States v. Spano, ___ F.3d ___ 2006 WL 1230331 (7th Cir. May 9, 2006), "When the judge is not presented with much, he need not explain much."

The judgment of the district court as to the sentence imposed on defendant Steele is AFFIRMED.

---

[1] That is not universally true, however. See United States v. Fernandez, 443 F.3d 19, 27-28 ( 2006), and cases collected therein.