UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 18, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 03-3386

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 03 CR 54 |
| SERGIO TELLEZ-BOIZO, *Defendant-Appellant.* | David H. Coar, *Judge.* |

**O R D E R**

Sergio Tellez-Boizo pleaded guilty to being present in the United States without permission of the Attorney General after his removal to Mexico following a conviction for an aggravated felony. *See* 8 U.S.C. § 1326(a), (b)(2). The district court sentenced him to 77 months' imprisonment. Thereafter, we ordered a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so that the district court could tell us whether it would have imposed the same sentence knowing that the sentencing guidelines were only advisory.

After reviewing the appropriate considerations under 18 U.S.C. § 3553(a), the district court has responded that it would not have sentenced Tellez-Boizo differently given Congress's intent to make reentry a crime and the need to deter similar conduct in the future. Tellez-Boizo did not respond to our invitation to file arguments

concerning the appropriate disposition of the appeal in light of the district court's decision.  The government did respond, however, and asks that we affirm.

Tellez-Boizo's sentence of 77 months' imprisonment is within the guidelines range of 77 to 96 months.  It is therefore presumptively reasonable, *United States v. Spano*, 447 F.3d 517, 519 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and Tellez-Boizo has not even attempted to rebut the presumption.  Moreover, the district court gave detailed and meaningful consideration to the relevant factors under § 3553(a), which is all it was required to do.  *See United States v. Gama-Gonzalez,* No. 06-1965, 2006 WL 3490843*, *1 (7th Cir. Dec. 5, 2006); *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

Accordingly, we AFFIRM the judgment of the district court.