NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 2, 2007
Decided October 18, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1197

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 06-CR-291-1 |
| DONNELLA ANDERSON, *Defendant-Appellant.* | Ronald A. Guzman, *Judge.* |

**O R D E R**

Donnella Anderson pleaded guilty to causing false claims for income-tax refunds to be submitted to the Internal Revenue Service. *See* 18 U.S.C. § 287. The district court sentenced her to 18 months' imprisonment, at the low end of the guidelines range. On appeal, Anderson argues that the district court erroneously presumed that a prison term within the guidelines range was the appropriate sentence. She also argues that the court did not sufficiently explain its choice of sentence. Both contentions are without merit.

Anderson operated Bestway Tax Services out of her home in Chicago, Illinois. She prepared federal income-tax returns for clients, and offered refund-anticipation loans through an arrangement with a bank. Bestway would make the loan to the

client through the bank, taking a portion as a preparation fee. The IRS would then deposit the refund directly into Bestway's account.

Between January and May 2003, Anderson knowingly filed 25 fraudulent income-tax returns on behalf of her clients. Anderson altered or created false W-2s to increase the amount of income her clients earned, and listed fraudulent deductions and credits, all with an eye toward increasing the refund she would receive. There is no evidence that Anderson's clients were aware of the false filings. In total Anderson claimed more than $114,375 in false refunds. Anderson pleaded guilty to four counts, each arising from a different return.

The probation officer calculated a guidelines imprisonment range of 27 to 33 months. Before sentencing, however, Anderson filed a memorandum contending that she should not be imprisoned at all. Anderson argued that if she was imprisoned there would be no one who could "truly" care for her three minor boys (at that time, ages 12, 14, and 15), despite the fact that she is married and her husband lives with her and her sons. Anderson asserted that the boys could not afford to lose their primary caretaker, and that the family could not continue sending them to private school with her in prison. Her husband submitted a letter asserting that he would have a difficult time raising the boys without Anderson and that it would be a significant hardship if she was incarcerated.

At sentencing, in November 2006, the district court acknowledged receiving Anderson's memorandum. Counsel for both sides addressed the court about the sentencing factors in 18 U.S.C. § 3553(a). The district court stated that it had reviewed the presentence report and the written submissions of both attorneys, that it was familiar with the facts of the case from the written plea agreement, and that it took these matters into consideration. The district court rejected the probation officer's proposed finding that Anderson had not accepted responsibility, recalculated the guidelines range as 18 to 24 months, and explained that it settled on a sentence of 18 months "[b]ased on all of the information, the totality of the circumstances."

Months later, before she began serving her sentence, Anderson moved to stay her surrender date pending the resolution of this appeal. On March 1, 2007, the district court conducted a hearing on Anderson's motion. At that time, the Supreme Court had not announced its decision in *Rita v. United States*, 127 S. Ct. 2456 (2007), and Anderson argued that the outcome could affect this appeal. The district court denied the motion, stating:

> I remember this case and I think the sentence was extremely fair. This is not a harsh sentence. It's not beyond—I mean, I have difficulty believing that the end result for your client is going to be any

different than it is now and, if so, all we're doing is wasting time, hers and ours.

. . . .

If I thought you had an appeal in which there was a substantial issue as to guilt or innocence, it would be a different story, but that doesn't exist here and I don't think, in the grand scheme of things, this motion is gaining anything of substantial value for your client even if we assume all the most favorable outcome to your client.

. . . .

I guess what I'm telling you is that I don't see the sentence being any different.  Even if I do not indulge in the presumption of reasonableness to the Guideline range and even if I do not consider it necessary to prove an extraordinary circumstance to move outside the Guideline range, it's not going to change.

. . . .

And if I look at the Guidelines just as a factor to consider, which the Supreme Court says is what we have to do, the sentence would still be the same. . . .

Anderson makes two arguments.  First, she contends that the district court erroneously presumed that it should impose a sentence within the guidelines imprisonment range.  Second, Anderson argues that the district court failed to articulate sufficient reasons for the sentence imposed.  Whether a district court followed the correct procedures for imposing sentence under the advisory guidelines regime is a question of law we review de novo.  *United States v. Tyra*, 454 F.3d 686, 687 (7th Cir. 2006).

Anderson's first contention is not supported by the record.  At no point at sentencing did the district court state that it was imposing a prison term within the guidelines because it believed such a sentence to be presumptively reasonable. Anderson attempts to side-step this fact by first suggesting that the court's failure to elaborate on its choice of sentence, coupled with the selection of a term within the guidelines range, must mean that the court presumed that a within-range sentence should be imposed.  But Anderson offers no authority for this inference.  To the contrary, little explanation is required for a sentence within the range, *Rita*, 127 S. Ct. at 2468; *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005), so the inference Anderson proposes would be nonsensical.  More likely, the district judge

reasoned that little explanation was required because he found this case to be typical and, in light of the statutory factors, rested his reasoning upon that of the Sentencing Commission. *See Rita*, 127 S. Ct. at 2468.

Anderson's fallback position is that statements made by the district court during the hearing on her motion to stay the surrender date necessitate a finding that the court had engaged in a presumption of reasonableness at sentencing. But rather than evidencing that the court indulged in an impermissible presumption at sentencing, the judge's comments reflect his effort to cast himself in the role of appellate judge to assess whether *Rita*, which was still pending in the Supreme Court, might affect our review of Anderson's sentence. The district court simply was evaluating whether Anderson had an appellate argument worthy of delaying her surrender date even further. Indeed, the district judge stated that the Supreme Court had mandated that the guidelines be viewed "just as a factor to consider," which undercuts Anderson's argument that the court at sentencing had presumed that a sentence within the range should be imposed. At any rate, statements made by the district court in March 2007 shed very little light on whether the district court applied a presumption of reasonableness at Anderson's sentencing in November 2006.

Also without merit is Anderson's contention that the district court did not sufficiently explain its sentence. In *Rita*, the Supreme Court noted that lengthy explanation usually will be unnecessary where the judge decides to impose a sentence within the guidelines. *Rita*, 127 S. Ct. at 2468. Often the record will evidence that the district court saw nothing atypical about the defendant's situation and relied on "the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case." *Id.* That is what happened here.

Anderson's sole argument for a sentence below the guidelines range was that her family will suffer from her absence. But there is nothing unusual about familial relationships suffering as the result of criminal activity and subsequent incarceration. *See United States v. DeVegter*, 439 F.3d 1299, 1307 (11th Cir. 2006); *United States v. Jaderany*, 221 F.3d 989, 996 (7th Cir. 2000); *United States v. Wright*, 218 F.3d 812, 815 (7th Cir. 2000); *United States v. Carter*, 122 F.3d 469, 474 (7th Cir. 1997); *United States v. Canoy*, 38 F.3d 893, 907 (7th Cir. 1994). That is the norm, and it is why the Sentencing Commission concluded that family circumstances ordinarily are not relevant to the choice of sentence. *See* U.S.S.G. § 5H1.6. As the Commission has explained, "the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a sort ordinarily incident to incarceration." U.S.S.G. § 5H1.6 cmt. 1(B)(ii). And though after *United States v.*

*Booker*, 543 U.S. 220 (2005), a district court has greater discretion in fashioning an appropriate sentence, a reason for sentencing outside the range that was questionable before *Booker* is still suspect after *Booker*. *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006).

The level of detail required to explain a particular sentence is proportional to the gravity of the arguments raised by the party requesting a different sentence. *United States v. Spano*, 447 F.3d 517, 519 (7th Cir. 2006). Anderson did not identify anything unusual about her family situation, and because she presented no serious argument for a lower sentence, the district judge was not required to say more than he did. *Rita*, 127 S. Ct. at 2468; *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1111 (7th Cir. 2006). The district court did exactly what the Supreme Court in *Rita* said would be sufficient in the typical case. Anderson's case is typical. Her sentence is therefore

AFFIRMED.