**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 30, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1999

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 02 CR 895 |
| SAMMY ARMSTEAD, | |
| *Defendant-Appellant*. | Rebecca R. Pallmeyer, |
| | *Judge*. |

## O R D E R

On March 16, 2007, we ordered a limited remand of Darryl Wilson's and Sammy Armstead's cases under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *See* 481 F.3d 475. Upon the district court's request, the parties submitted briefs regarding resentencing and the factors set forth in 18 U.S.C. § 3553(a). On August 26, 2008, the district court issued an order concluding that had it known it had the discretion to impose a sentence other than the Guidelines sentence for Armstead, it nevertheless would have imposed the same sentence.

Armstead argues now that the district failed to consider his arguments in favor of a lower sentence. In particular, he points out that the district court's order makes no mention of his argument that his background (what he refers to as his "cultural assimilation" argument) entitled him to a lower sentence. It is true that the district court did not provide much of an explanation for its ruling. But we have held that "on a limited *Paladino* remand, a judge need not employ a full-fledged methodology for measuring the reasonableness of the Guidelines sentence against § 3553(a)." *United States v. Johnson*, 534 F.3d 690, 695 (7th Cir. 2008); *United States v. Spano*, 447 F.3d 517, 519 (7th Cir. 2006). The record demonstrates that Armstead had an opportunity to draw the court's attention to the § 3553(a) factors and that the court was not persuaded to change its original within-guidelines sentence. Armstead makes no argument that convinces us that his within-guidelines sentence was unreasonable. We therefore AFFIRM Armstead's sentence.