NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 26, 2010
Decided January 29, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3269

| | |
|---|---|
| FREDRICK H. LENOVER, | Appeal from the United States District |
|    *Petitioner-Appellant,* | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
|    *v.* | |
| | No. 2:07-cv-00369-LJM-JMS |
| UNITED STATES OF AMERICA, | |
|    *Respondent-Appellee.* | Larry J. McKinney, |
| | *Judge.* |

**O R D E R**

Fredrick Lenover is a federal prisoner who moved to vacate his sentence under 28 U.S.C. § 2255. Lenover and four codefendants were convicted of conspiring to distribute methamphetamine and to possess methamphetamine with the intent to distribute in violation of 21 U.S.C. § 846 and § 841(a)(1); ten additional codefendants entered into plea agreements with the government. Lenover was sentenced to 350 months' imprisonment. We affirmed the convictions, *United States v. Gray*, 410 F.3d 338, 349 (7th Cir. 2005), and Lenover's sentence, *United States v. Lenover*, 182 F. App'x 563, 566 (7th Cir. 2006).

Lenover's § 2255 motion alleged that trial counsel provided ineffective assistance because he failed to undertake a good-faith analysis of the case and thus provided unreasonable advice

that caused Lenover to reject a plea offer he otherwise would have accepted. The district court denied Lenover's § 2255 motion without holding an evidentiary hearing. We issued a certificate of appealability on the question of whether trial counsel provided ineffective assistance during the plea negotiations.

Lenover argues on appeal that the district court erred by denying his § 2255 motion without holding an evidentiary hearing. Lenover is entitled to an evidentiary hearing under 28 U.S.C. § 2255(b) only if he has alleged facts that, if proven, would entitle him to relief. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). To prevail on his ineffective-assistance claim, Lenover must present (1) allegations that, if proven, demonstrate that counsel's performance during plea negotiations was objectively unreasonable, and (2) evidence that the likelihood he was prejudiced by counsel's constitutionally deficient performance is better than negligible. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Julian v. Bartley*, 495 F.3d 487, 495, 499–500 (7th Cir. 2007). "Ineffective-assistance claims often require an evidentiary hearing because they frequently allege facts that the record does not fully disclose." *Osagiede v. United States*, 543 F.3d 399, 408 (7th Cir. 2008).

The government acknowledged at oral argument that it had sent a letter to Lenover's trial counsel requesting his take on Lenover's allegations. But trial counsel never responded, and the government never followed up. We believe that hearing from trial counsel would be useful, so we VACATE the judgment and REMAND for the limited purpose of soliciting his testimony.