NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 5, 2013
Decided April 11, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-3626

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> ALBERTA PIERCE, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 10 CR 544-1 <br><br> Robert M. Dow, Jr., <br> *Judge.* |

**O R D E R**

After Alberta Pierce pleaded guilty to mail fraud, 18 U.S.C. § 1341, the district court imposed a below-guidelines sentence of three years' probation with the first six months to be served as home confinement. Pierce now argues that she should have received a lower sentence. Because the district court committed no procedural error and imposed a reasonable sentence, we affirm the judgment of the district court.

Pierce was the representative payee for her husband's social security disability payments while he resided at a nursing home in a vegetative state. Each month she received money from the Social Security Administration to be used exclusively for her

husband's care. From 2004 to 2006, she spent about $37,000 of his social-security benefits for her own personal use and submitted false accounting reports to the Social Security Administration.

Pierce was charged with six counts of mail fraud, 18 U.S.C. § 1341, one count of theft of government funds, 18 U.S.C. § 641, and one count of making a false statement, 18 U.S.C. § 1001. She pleaded guilty to one count of mail fraud and the government dismissed the remaining charges.

The probation office calculated a base offense level of 11 and criminal history category of I, yielding a guidelines imprisonment range of 8 to 14 months. That guidelines range is within Zone B of the Sentencing Table, U.S.S.G. ch. 5, pt. A, which made Pierce eligible for a term of 1 to 5 years' probation, provided that the court impose a period of intermittent confinement, community confinement, or home detention for no less than the minimum period of imprisonment specified by the guidelines range (8 months in Pierce's case), U.S.S.G. §§ 5B1.1(a)(2), app. note 1(B), 5B1.2(a)(1). The probation office, however, recommended only 6 months for the period of home detention. The probation office also alerted the court to the policy statement acknowledging the relevance of a defendant's mental condition to determining an appropriate sentence. U.S.S.G. § 5H1.3. But, although Pierce suffered from a delusional disorder since 2010, the probation office concluded that her condition was not sufficiently severe to warrant a downward adjustment.

Pierce did not object to the presentence report but requested that the court impose probation in lieu of imprisonment and disregard the condition requiring her to serve intermittent confinement, community confinement, or home detention. In support Pierce argued that her physical and mental health problems would make it difficult for her to comply with home detention. She also emphasized her crime-free past and acceptance of responsibility.

At sentencing the district judge asked the parties to address the possibility of home detention as an alternative to incarceration. A probation officer assured the judge that, if home detention were imposed, Pierce would be allowed to leave for medical and psychological treatment. Pierce explained that she would prefer home detention over incarceration and confirmed that she would be able to comply with its terms. The district judge agreed that Pierce should not be incarcerated, given her age (61 at the time), health problems, and that this crime was "obviously an aberration." But the judge concluded that probation alone would be an insufficient punishment given the seriousness of the offense and the need to enforce and deter crimes that defraud the government. The judge imposed three years' probation with the first six months to be served as home detention—a departure from the eight months specified by the guidelines.

Pierce first argues that the district court procedurally erred by failing to properly consider a relevant policy statement. *See* 18 U.S.C. § 3553(a)(5)(A). She asserts that the district court found that her criminal activity was aberrant behavior, *see* U.S.S.G. § 5K2.20, but then ignored this finding when imposing her sentence. Pierce did not object to the district court's treatment of aberrant behavior at sentencing but now contends that, because considering aberrant behavior is mandatory and the district judge failed to explain how other factors offset that mitigating factor, this procedural error requires a remand for resentencing.

A sentencing court procedurally errs if it fails to consider the § 3553(a) factors or adequately explain the sentence imposed. *United States v. Wasilewski,* 703 F.3d 373, 377 (7th Cir. 2012). Section 3553(a)(5)(A) directs the court to consider any pertinent policy statement issued by the Sentencing Commission. Although procedural errors are typically reviewed under a non-deferential standard, alleged procedural deficiencies raised for the first time on appeal are reviewed for plain error. *United States v. Corona-Gonzalez,* 628 F.3d 336, 340 (7th Cir. 2010).

We disagree with Pierce that the district court, in using the word "aberrant," was referring to § 5K2.20. Rather, it appears that the court was using the word as it is commonly spoken in everyday language. Pierce never requested leniency based on aberrant behavior and did not refer the court to § 5K2.20. The closest she came to making the argument is in her sentencing memorandum where she requested a below-guidelines sentence because she has never previously been charged with a crime. But that short assertion was insufficient to alert the sentencing judge to the policy statement. The court did not plainly err by failing to consider an argument that was not brought to its attention. *See United States v. Halliday,* 672 F.3d 462, 474 (7th Cir. 2012); *United States v. Johnson,* 534 F.3d 692, 695–96 (7th Cir. 2008); *United States v. Holt,* 486 F.3d 997, 1004 (7th Cir. 2007).

Even if Pierce's sentencing memorandum had asked the court to apply the policy statement or the district court's reference to aberrant behavior was a discussion of a mitigation argument that it raised—and rejected—sua sponte, her arguments still must fail. Although Pierce correctly notes that considering relevant policy statements—here, aberrant behavior, U.S.S.G § 5K2.20—is mandatory, it is not mandatory to apply a policy statement; like the rest of the guidelines, they are advisory. *United States v. Reyes-Medina,* 683 F.3d 837, 841–42 (7th Cir. 2012). Moreover, the language of the policy statement on aberrant behavior is permissive: "The court *may* depart downward" if the crime "represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G § 5K2.20 (emphasis added).

And the court sufficiently justified its refusal to further depart downward. To reject a mitigation argument, "[a] short explanation will suffice where the context and record make clear the reasoning underlying the district court's conclusion." *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008). The district court repeatedly explained that probation alone was an insufficient punishment given the seriousness of the offense. Although confident that this crime was an aberration and that Pierce would not reoffend, the district court concluded that defrauding the government (and by extension all taxpaying citizens) by converting $37,000 of social-security payments for personal use is a serious offense that must be punished and deterred. The sentencing transcript shows that the district court considered and discounted Pierce's aberrant behavior; we require no more. *See Reyes-Medina*, 683 F.3d at 842; *United States v. Curby*, 595 F.3d 794, 797–98 (7th Cir. 2010); *United States v. Spano*, 447 F.3d 517, 519 (7th Cir. 2006).

Pierce next argues that the district judge imposed a substantively unreasonable sentence. The sentence imposed is greater than necessary, she asserts, because the court cited only the seriousness of the offense to counter her mitigating arguments and that factor was already incorporated into her offense level through the 6-level enhancement for losses greater than $30,000. U.S.S.G. § 2B1.1(b)(1)(D). Pierce concludes that the court imposed an "effective maximum sentence" and unreasonably ignored all her mitigating factors.

A below-guidelines sentence, like one within the guidelines, is presumed reasonable on appeal. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Vallone*, 698 F.3d 416, 488 (7th Cir. 2012); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Pierce bears the heavy burden of overcoming this presumption. *See United States v. Lemke*, 693 F.3d 731, 733–34 (7th Cir. 2012); *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008) (noting that below-guidelines sentence will almost never be unreasonable).

Pierce has not identified any reason to set aside the presumption of reasonableness. First, her argument that the district court imposed a maximum sentence is wrong. Pierce received a below-guidelines sentence. Her guidelines range—under the probation option—is 1 to 5 years' probation with no less than 8 months' of intermittent confinement, community confinement, or home detention. U.S.S.G. §§ 5B1.1(a)(2), app. note 1(B), 5B1.2(a)(1). The court imposed 3 years' probation but only 6 months' home detention. That Pierce's sentence is at the top of the probation office's recommendation does not change the guidelines range or disturb the presumption of reasonableness. *See United States v. Allan*, 513 F.3d 712, 715 (7th Cir. 2008) (acknowledging that district court is free to reject probation office's recommendations). And her argument that the district court failed to explain its decision is repetitious of her argument for procedural error, which, as discussed above, lacks merit.

Finally, Pierce's contention that the district court considered only the seriousness of the offense is unpersuasive. The district court balanced her age, physical and mental conditions, and aberrant behavior against the seriousness of the offense, detriment to the public, and need to deter frauds against the government. The court was not required to accept Pierce's asserted mitigation arguments and reasonably could conclude that Pierce, by converting $37,000 of social-security payments for personal use, committed a serious crime and did not deserve as lenient of a punishment as she requested. *See Reyes-Medina,* 683 F.3d at 842–43; *United States v. Coopman,* 602 F.3d 814, 818–19 (7th Cir. 2010) (acknowledging district court's discretion to disagree with defendant's mitigation arguments); *United States v. Busara,* 551 F.3d 669, 674 (7th Cir. 2008) (noting district court's discretion to assign different weights to § 3553(a) factors and affirming sentence based on conclusion that seriousness of offense outweighed mitigating factors).

For the foregoing reasons we **AFFIRM** the judgment of the district court.