In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1257

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICHIE DEAN PENNINGTON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 10-30068—**Richard Mills**, *Judge.*

ARGUED JUNE 1, 2011—DECIDED FEBRUARY 2, 2012

Before FLAUM and SYKES, *Circuit Judges*, and CONLEY, *District Judge.**

SYKES, *Circuit Judge.* Richie Pennington pleaded guilty to selling a firearm to a felon, distributing ecstasy, and possessing a firearm in furtherance of a drug-trafficking

---

* The Honorable William M. Conley, Chief Judge of the United States District Court for the Western District of Wisconsin, sitting by designation.

crime. The government recommended a 68-month sentence, the bottom of the applicable sentencing-guidelines range. Pennington argued that 64 months was enough. The judge rejected Pennington's argument because the four-month difference between the sentencing recommendations was so little. He added that although the sentencing guidelines are not binding, "judges are told that [they] are to be followed." The judge imposed the 68-month sentence suggested by the government. Pennington appeals, challenging the procedure the judge used to reach that decision.

We vacate the sentence and remand for resentencing. The judge appears to have rejected Pennington's request for a modest below-guidelines sentence simply because it was modest and below the guidelines. There may have been other reasons why he did so, but as it stands, we cannot be sure the judge gave adequate consideration to Pennington's argument.

## I. Background

Richie Pennington managed Traveling Treasures, a retail store in Springfield, Illinois. In August 2009 law-enforcement agents learned that Pennington illegally sold an assault rifle from the store and also had allowed a child to handle a gun in the store. A confidential informant later told the agents that Pennington regularly carried guns in the store. The agents arranged for the informant, a convicted felon, to make a controlled purchase of a firearm from Pennington. Under the supervision of the agents, the informant bought a .32-caliber

revolver from Pennington, who knew the informant was a felon.

The next month, a different informant bought marijuana from Pennington at the store. During the purchase, Pennington was armed with a handgun in a shoulder holster and was carrying four other firearms on his person. A few weeks later, the same informant bought ecstasy from Pennington at the store. Again Pennington was armed with a large gun in a holster. The agents then interviewed Pennington at his home. He admitted regularly carrying firearms at his store, and he showed four of them to the agents. Pennington also showed the agents 17 other firearms that he kept at his house. Each gun was unloaded and properly secured.

Pennington was arrested and indicted for (1) selling a firearm to a felon in violation of 18 U.S.C. § 922(d)(1) (Count 1); (2) distributing ecstasy in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2); and (3) possessing a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). He pleaded guilty without the benefit of a plea agreement at his first court appearance.

The presentence report ("PSR") assigned a guidelines range of 8 to 14 months on Counts 1 and 2. Count 3, however, carried a statutory minimum sentence of 60 months consecutive to any other sentence. Accordingly, Pennington's advisory guidelines range was 68 to 74 months. Neither party objected to the PSR's findings.

At sentencing the court first heard argument from the attorneys regarding their recommendations and the

sentencing factors in 18 U.S.C. § 3553(a). The prosecutor acknowledged that Pennington had an insubstantial criminal record compared to most defendants convicted of similar crimes and also noted that he had accepted responsibility very early in the case. He recommended a sentence of 68 months, the bottom of the guidelines range.

Pennington's attorney argued for a 60-month sentence on Count 3, a three-month sentence on Count 1, and a concurrent four-month sentence on Count 2, for a total sentence of 64 months. He explained that this below-guidelines recommendation was justified by Pennington's extraordinary acceptance of responsibility, minimal criminal history, serious mental-health issues (including depression, posttraumatic stress disorder, and bipolar disorder), and history of drug abuse. Counsel also noted the atypical nature of the crimes; for example, Pennington did not carry the firearms to intimidate but simply to show off. He also asked the judge to let Pennington surrender voluntarily so he could prepare his medications before entering custody and so he would be given a lower prison-security designation. The prosecutor opposed this request.

The judge began his sentencing remarks by addressing the issue of voluntary surrender. In doing so the judge also discussed Pennington's arguments under § 3553(a), describing Pennington as "a very disturbed young man" with severe mental-health issues. The judge then calculated the applicable guidelines range and heard a statement from Pennington, commending his pledge to

use his prison time constructively. After discussing several additional § 3553(a) factors, including Pennington's relatively sparse criminal background and long history of drug use, the judge granted Pennington's request to self-report.

The judge then turned to the length of Pennington's sentence. In rejecting Pennington's request for a sentence of 64 months (recall that the government recommended 68 months), the judge stated:

> However, I must also say . . . that I'm not going to shave any four months off of this. That's silly, absolutely silly. Once Mr. Pennington steels himself to the fact that the realities of life here for him are that he has time to serve, and whether it's four months off or not, I'm not going to get into that dichotomy. Because the amount of time that the sentencing guidelines give us is 8 on the bottom. And when we're talking about 60 additional months, five years, these four fall into de minimis.

> And besides, we judges are told that the sentencing guidelines are to be followed. They're not binding, but they are indicators to us in what line we are to find.

With that, the judge imposed a total sentence of 68 months.

## II.  Discussion

Pennington challenges the procedural soundness of his sentence. We review a district court's sentencing proce-

dures de novo. *United States v. Abebe*, 651 F.3d 653, 656 (7th Cir. 2011). A sentencing court must: (1) correctly calculate the applicable guidelines range; (2) give meaningful consideration to the § 3553(a) factors and the principal, nonroutine sentencing arguments raised by the defense; and (3) state the factors on which the sentence is based. *See United States v. Campos*, 541 F.3d 735, 749-50 (7th Cir. 2008).

Here, the judge plainly fulfilled the first obligation and most of the second. He properly calculated the guidelines range and considered the § 3553(a) factors, including those raised by the defense. It is immaterial that the judge discussed the § 3553(a) factors when addressing the voluntary-surrender issue; he was not required to repeat his prior discussion when he turned his attention to the length of the sentence. *See United States v. Anderson*, 604 F.3d 997, 1003 (7th Cir. 2010) (rejecting a similar argument because "[w]e have never required such repetition from the district court"). The judge meaningfully considered the § 3553(a) factors, and that is sufficient. *See Campos*, 541 F.3d at 749-50.

The record is less clear about whether the judge properly handled Pennington's request for a below-guidelines sentence and adequately stated the considerations that influenced the ultimate choice of sentence. "[D]istrict courts need not recite any magic words at sentencing to assure us that the correct standard is being used." *United States v. Tyra*, 454 F.3d 686, 687 (7th Cir. 2006). The judge need only make a record that shows "a reasoned basis for exercising his own legal decision-

making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The sentencing court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Here, if the judge had made clear that he chose a 68-month sentence based on his prior evaluation of the § 3553(a) factors, that would likely have been enough. *See United States v. Johnson*, 635 F.3d 983, 988 (7th Cir. 2011) ("[W]e can resolve doubts in favor of the court when its application of the § 3553(a) factors assures us that the sentence was imposed in conformity with the parsimony clause."). But that's not what happened. The judge gave three reasons for the 68-month sentence: (1) Pennington's proposed four-month reduction from the bottom of the guidelines range was "de minimis"; (2) Pennington had time to serve, so the judge would not "get into th[e] dichotomy" between 64 and 68 months; and (3) the guidelines, while not binding, "are to be followed" and "are indicators to [judges] in what line [they] are to find."

The first explanation about the negligible difference between the parties' sentencing recommendations is troublesome for a couple of reasons. To begin, the so-called parsimony provision of § 3553(a) requires that judges "impose a sentence sufficient, but not greater than necessary" to serve the purposes of sentencing.[1] The judge

---

[1] In contrast, the reviewing court's obligation is to determine whether a sentence falls within a reasonable range, giving

(continued...)

need not expressly refer to that provision at sentencing, *Abebe*, 651 F.3d at 656, but his explanation of the sentence must be consistent with its meaning, *see Johnson*, 635 F.3d at 988 n.1 (collecting cases). By characterizing the difference between the recommended sentences as "de minimis," the judge implicitly accepted that 64 months was sufficient to serve the purposes of sentencing. If so, the parsimony principle would ordinarily require the more lenient sentence.

Second, although we see the judge's point as a numerical matter, the context here is criminal sentencing, and four months in prison cannot be summarily dismissed as insignificant. *See Glover v. United States*, 531 U.S. 198, 203 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."). A modest below-guidelines recommendation should not be rejected merely because it is modest.

The judge's second explanation for rejecting the defense attorney's proposal was that Pennington had time to serve, so there was no point in "get[ting] into th[e] dichotomy" of whether the sentence should be reduced by four months from the bottom of the guidelines range. This is a variation on the last point. The judge

---

[1] (...continued)

the sentencing court's decision substantial deference. *United States v. Carter*, 538 F.3d 784, 790 (7th Cir. 2008).

apparently thought that because Pennington's proposed reduction was so minor, it did not need to be addressed in a meaningful way.

We were faced with a similar issue in *United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005). There, the defendant argued that "a sentence even at the bottom of the guidelines range" would be too harsh, but the judge simply "brushed [it] aside." *Id.* We acknowledged the constraints on the district court's time but held that the judge's explanation was inadequate: "[W]henever a district judge is required to make a discretionary ruling that is subject to appellate review, we have to satisfy ourselves, before we can conclude that the judge did not abuse his discretion, that he exercised his discretion." *Id.* at 679. Here, Pennington's request for a 64-month sentence was serious and based on a detailed analysis of the § 3553(a) factors; it merited the application of the court's reasoned judgment. *See id.* (noting "the temptation to a busy judge to impose the guidelines sentence and be done with it").

The judge's third explanation for rejecting Pennington's request concerned the impact of the sentencing guidelines. The judge remarked that although the guidelines are not binding, they "are to be followed." This suggests that the court proceeded from an improper presumption that a within-guidelines sentence was reasonable. *See Nelson v. United States*, 555 U.S. 350, 352 (2009) (per curiam) (finding it "beside the point" that the sentencing judge recognized the guidelines are not mandatory); *see also Rita*, 551 U.S. at 351 ("[T]he sentencing court does not

enjoy the benefit of a legal presumption that the Guidelines sentence should apply."). Saying that the guidelines, though nonbinding, "are to be followed" and "are indicators to [judges] in what line [they] are to find," leaves us guessing about the court's meaning.[2] *See Johnson*, 635 F.3d at 989 (reaching a similar conclusion where the judge acknowledged that he could disregard the guidelines range but also said that adhering to it would be "prudent" and that he imposed a guidelines sentence "regrettably").

Perhaps the judge intended only to paraphrase the familiar principle that the guidelines are "the initial benchmark" for an appropriate sentence. *See Gall*, 552 U.S. at 49. But where a "judge's remarks are subject to a variety of interpretations," we are left "to wonder whether he treated [the guidelines] as presumptively reasonable." *United States v. Panice*, 598 F.3d 426, 441-42 (7th Cir. 2010). The surrounding discussion adds to the ambiguity. After finding essentially no difference between a 64-month and a 68-month sentence, the only reason the judge gave for choosing the latter was his statement about the guidelines. The quick imposition of sentence without any further explanation suggests that the judge may have impermissibly placed a "thumb on the scale favoring a guideline sentence*." United States*

---

[2] A correctly calculated, within-guidelines sentence is entitled to a rebuttable *appellate* presumption of reasonableness. *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011); *see also Rita v. United States*, 551 U.S. 338, 351 (2007).

*v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007). In similar circumstances we have remanded for resentencing.[3] *See, e.g., Johnson*, 635 F.3d at 989-90; *Panice*, 598 F.3d at 441-42.

Accordingly, we VACATE Pennington's sentence and REMAND for resentencing. Circuit Rule 36 shall apply on remand. *See, e.g., United States v. Figueroa*, 622 F.3d 739, 745 (7th Cir. 2010) (Evans, J., concurring).

---

[3] Pennington asks us to vacate only Counts 1 and 2 because neither party advocated for anything other than the mandatory-minimum sentence on Count 3. A district judge's sentencing decision ordinarily concerns the entire "sentencing package*." See United States v. Smith*, 103 F.3d 531, 533 (7th Cir. 1996) ("[I]n imposing sentence, a district judge quite properly looks to the bottom line, the total number of years (or under the guidelines, months) which effectuates a sentencing plan, or what we have referred to as a 'sentencing package.'"). We decline to restrict the court's review on remand to Counts 1 and 2 alone.