In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-2260

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

NICOLAI D. QUINN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 12-CR-04-WMC-01—**William M. Conley**, *Chief Judge*.

ARGUED OCTOBER 2, 2012—DECIDED OCTOBER 18, 2012

Before EASTERBROOK, *Chief Judge*, and POSNER and ROVNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Nicolai Quinn pleaded guilty to possessing child pornography, 18 U.S.C. §2252(a)(4)(B), and was sentenced to 97 months' imprisonment. His plea agreement contains a promise not to appeal the conviction and length of imprisonment. But Quinn did not promise to refrain from appealing his sentence of supervised release. He contends that the

district judge erred by sentencing him to supervision for life.

Both the Criminal Code and the Sentencing Guidelines authorize lifetime supervised release for violations of §2552. 18 U.S.C. §3583(k); U.S.S.G. §5D1.2(b)(2). Moreover, the Sentencing Commission recommends "the statutory maximum term of supervised release" for every sex offense. See §5D1.2(b) hanging paragraph. Yet although Quinn's sentence is within the Guidelines range and entitled to a presumption of substantive reasonableness, see *Rita v. United States*, 551 U.S. 338 (2007); *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), a judge still must consider a defendant's serious arguments for a sentence below the Sentencing Commission's recommendations. See, e.g., *United States v. Villegas-Miranda*, 579 F.3d 798 (7th Cir. 2009); *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008).

Quinn asked the judge to choose a ten-year term of supervised release. He submitted a forensic psychologist's evaluation, which concluded that he has a lower-than-normal risk of recidivism. He also submitted the testimony that two psychologists (Michael Seto and Richard Wollert) recently had presented to the Sentencing Commission regarding the recidivism rate for persons convicted of child-pornography offenses. The judge discussed the forensic psychologist's evaluation briefly when explaining why he chose a sentence of 97 months, but he did not discuss Seto's or Wollert's views. Indeed, the district judge did not discuss either the length of supervision or the terms that Quinn would be required to follow while under supervision.

The prosecutor has confessed error, and we agree with the prosecutor's conclusion that a district judge must explain important decisions such as the one at issue here. On remand the judge should consider not only how Quinn's arguments about recidivism affect the appropriate length of supervised release, but also the interaction between the length and the terms of supervised release. The more onerous the terms, the shorter the period should be. One term of Quinn's supervised release prevents contact with most minors without advance approval. Quinn has a young child, whom he has never been accused of abusing. Putting the parent-child relationship under governmental supervision for long periods (under this judgment, until the son turns 18) requires strong justification.

Our research has turned up only a few decisions that discuss the relation between the terms and length of supervised release. The third circuit has observed that the more onerous the term, the greater the justification required—and that a term can become onerous because of its duration as well as its content. See *United States v. Miller*, 594 F.3d 172, 187–88 (3d Cir. 2010). The court said that when discussing a lifetime limit on access to the Internet, a limit that this circuit already has treated as in need of powerful justification even for short durations. See *United States v. Scott*, 316 F.3d 733 (7th Cir. 2003) (judges should not give probation officers control over what convicted persons can read on the Internet). Rules that allow public officials to regulate family life likewise call for special justification, and lifetime regulatory power is hard to support when the

defendant has not been convicted of crimes against his family or other relatives. Other terms of Quinn's supervised release also may require strong justification when extended for a lifetime.

Although district judges can reduce the length of supervised release, or modify its terms, at any time, 18 U.S.C. §3583(e)—an opportunity that may lead a judge to think that uncertainties at the time of sentencing should be resolved in favor of a long (but reducible) period—still this is a subject that requires an explicit decision by the judge after considering the defendant's arguments. The judge also should consider the possibility of setting sunset dates for some of the more onerous terms, so that Quinn can regain more control of his own activities without needing a public official's advance approval, while enough supervision remains to allow intervention should Quinn relapse.

The term of supervised release is vacated, and the case is remanded for resentencing on that issue only.