In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-3069

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GREGORY GREENE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:17-CR-50054(1) — **Philip G. Reinhard**, *Judge.*

ARGUED AUGUST 4, 2020 — DECIDED AUGUST 14, 2020

Before MANION, WOOD, and BARRETT, *Circuit Judges.*

MANION, *Circuit Judge.* Gregory Greene pleaded guilty to distributing child pornography, 18 U.S.C. §§ 2252A(a)(1), 2252A(b)(1), and received a within-guidelines prison sentence and a life term of supervised release. On appeal, he argues that the district court committed a procedural error in sentencing him to lifelong supervision because it violated the parsimony provision of the sentencing statute, which requires that a sentence be "sufficient, but not greater than necessary."

*See* 18 U.S.C. § 3553(a). Specifically, he challenges the district court's statement that, for him, terms of 10 years and life would be "effectively the same" because his life after prison would be "short." But the district court considered the guidelines and explained, with reference to the factors under § 3553(a), why it believed that a life term of supervised release was necessary, so we affirm.

## I

In 2016, law enforcement officers used a peer-to-peer file sharing program to download several images and videos of child pornography from an IP address registered to Greene. After a grand jury returned a three-count indictment against him for distributing and possessing child pornography, federal agents arrested Greene in his home and found approximately 2,850 images of child pornography on his laptop and a thumb drive. He eventually pleaded guilty to one count of distribution in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1) in exchange for the government dismissing the other two counts.

The presentence investigation report set forth a guidelines range of 151 to 188 months' imprisonment, and because he had a prior conviction for child pornography, Greene was subject to a statutory minimum term of 15 years (180 months) in prison. *See* 18 U.S.C. § 2252A(b)(1). Under 18 U.S.C. § 3583(k), his supervised release range was five years to life. The PSR noted that a policy statement on supervised release, U.S.S.G. § 5D1.2(b)(2), recommends the statutory maximum term for sex offenses.

In a pre-sentencing agreement, the parties stipulated to the conditions of supervised release and the applicable range.

At the sentencing hearing, neither party requested any particular term of supervised release. The government asked only that Greene receive a within-guidelines prison sentence. Greene argued that he needed treatment more than he needed punishment and asked the court to impose the statutory minimum term of imprisonment.

After adopting the guidelines calculations contained in the PSR, the district court sentenced Greene to 15 years in prison followed by a life term of supervised release. The court recognized that Greene admitted both that he had a problem and that his actions had caused a lot of pain and injury, but also that he had committed similar offenses in the past and that the market for child pornography targets people like him. Despite Greene's age (he was 59 at the time of the hearing), the court saw a need for deterrence and to protect the public, and thus concluded that a within-guidelines sentence was appropriate. In explaining the life term of supervised release, the court discussed both Greene's age and his pattern of re-offending:

> You are going to be released when you are probably in your late 60s, if not early 70s, and I'm going to make it life because your life will be short. If I did it at 10 years or 15, it's effectively the same. But I'm going to, because of the past consequences of experiences that you've had, I think you need help, even while you are older. So I will impose that for the rest of your life.

After imposing the sentence, the court asked: "Have I missed anything counsel? … Any argument or part of the sentence I have misstated or missed?" Greene had no objections at that point.

## II

On appeal, Greene contends that the district court procedurally erred by imposing a life term of supervised release despite stating that a term of 10 or 15 years would be "effectively the same." This court generally reviews de novo a challenge to the sentencing procedure. *United States v. Kuczora*, 910 F.3d 904, 907 (7th Cir. 2018). But the government argues that Greene waived—or at least forfeited—any challenge to the term of supervised release because he neither objected to the PSR (which noted that the guidelines recommend the maximum term of supervision for sex offenses) nor advocated for a lower term. And Greene remained silent at the hearing when the district court asked whether he needed a further explanation for its sentence.

We see no waiver or forfeiture here, however. A defendant does not waive compliance with the procedural requirements of sentencing simply by failing to object to a PSR. *United States v. Oliver*, 873 F.3d 601, 610 (7th Cir. 2017). And, in any event, the PSR reported only that a guidelines policy statement recommends the statutory maximum term; there is no plausible "objection" to that correct statement. Greene also did not fail to make a necessary objection at the hearing. We have found waiver if a defendant remains silent when the district court specifically asks whether he has any legal objections to a proposed sentence or requires further explanation. *See United States v. Lewis*, 823 F.3d 1075, 1084 (7th Cir. 2016) (court asked, "[D]o you have any legal objection to the sentence I have

proposed or request any further explanation of my reasons under Section 3553(a) …?"). But the district court's questions here came *after* it had already imposed the sentence, *see* FED. R. CRIM. P. 51(a), and were too general to result in a waiver of a challenge to the explanation for the length of supervised release. *See United States v. Speed*, 811 F.3d 854, 857–58 (7th Cir. 2016) (generalized question whether there was "anything unclear or confusing" did not result in waiver). Because Greene did not waive his argument, we turn our attention merits.

Greene contends that the district court imposed a sentence "greater than necessary" in violation of § 3553(a)'s parsimony principle because its comments at sentencing show that it believed a shorter term of supervised release would have been adequate.[1] He also argues that the court was required to, but did not, consider its authority to extend the term later if necessary. *See* 18 U.S.C. § 3582(e)(2); U.S.S.G. § 5D1.2 cmt. n.5. Ordinarily, arguments that the court imposed a too-long sentence without good reason attack a sentence's substantive reasonableness, *see, e.g., United States v. Porraz*, 943 F.3d 1099, 1104 (7th Cir. 2019), but Greene insists that violating the statutory parsimony principle is a procedural error. He relies on *United States v. Pennington*, 667 F.3d 953, 956–57 (7th Cir. 2012), in which this court vacated a custodial sentence

---

[1] Greene does not cite the arguably more relevant parsimony principle: that supervised release should result in "no greater deprivation of liberty than necessary." 18 U.S.C. § 3583(d)(2). But district judges must also consider certain subsections of § 3553(a)—including § 3553(a)(5), which mandates consideration of "any pertinent policy statement" of the Sentencing Commission—when imposing supervised release. *See id.* § 3583(c). Here, as we have noted, the applicable policy statement recommends the maximum statutory term of supervision for sex offenses. *See* U.S.S.G. § 5D1.2(b)(2).

because the district court denied the defendant's request for a lesser sentence on grounds that the difference was "de minimis."

Taking Greene's "procedural" challenge on its face, the district court did not overlook any requirements in imposing his sentence. The procedural requirements at sentencing are minimal. A court must: (1) correctly calculate the applicable guidelines range; (2) give meaningful consideration to the § 3553(a) factors and any nonroutine sentencing arguments raised by the defense; and (3) state the factors on which the sentence is based. *See Gall v. United States*, 552 U.S. 38, 50 (2007); *Pennington*, 667 F.3d at 956. A judge must provide an explanation sufficient "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. And here, the court discussed Greene's personal background (recognizing his good deeds and education), his criminal history (observing that so far he had limited his criminal behavior to the computer), and the need to rehabilitate him. In imposing the term of supervised release, the court expressly recognized his age (noting, perhaps gratuitously, its belief that Greene's life after prison would be "short") but determined, based on his record of recidivism and his past experiences, that he would need supervision for the rest of his life. As required, the district court used its discretion to impose a sentence it believed was appropriate and explained the reasons for it with reference to the § 3553(a) factors. *See United States v. King*, 861 F.3d 692, 696 (7th Cir. 2017).

Because the district court believed that a life term of supervised release was necessary to accomplish the goals of sentencing, *see* § 3553(a)(2), it did not violate the parsimony principle by imposing it. The court was not required to explicitly

discuss the principle, so long as its explanation of the sentence was consistent with its meaning. *See Pennington*, 667 F.3d at 957. Nor was it required to expressly discuss its authority to extend supervised release at a later date. And its comment that a 10- or 15- year term would be "effectively the same" did not imply that a shorter term was capable of accomplishing the goals of sentencing. Unlike in *Pennington*, in which the district court had dismissed the difference between two possible sentences as inconsequential, *see id.*, the court here deliberately selected and justified the longer term. It observed that the market targets people like Greene, and there was a possibility that he would reoffend (he had done so in the past). Explaining that it believed Greene would need "help" even at an advanced age, it permissibly resolved its uncertainty about whether prison would rehabilitate him in favor of a life term of supervised release. *See United States v. Quinn*, 698 F.3d 651, 652 (7th Cir. 2012). As to whether this reasoning adequately supports the sentence imposed, Greene expressly disclaims any substantive reasonableness argument, so we do not decide.

We note that we have found procedural errors and remanded cases for resentencing when district courts have based sentences on speculation or erroneous or potentially erroneous facts. *See, e.g.*, *United States v. Durham*, 645 F.3d 883, 900 (7th Cir. 2011) (remanding because sentence was based on improper assumption that defendant used gun during commission of offense); *United States v. Corona-Gonzalez*, 628 F.3d 336, 342–43 (7th Cir. 2010) (remanding because sentence was based on erroneous assumption that defendant had previously been deported). And here, the district court cited no evidence about Greene's life expectancy or health when it stated that 10 or 15 years would be akin to a "life" term. But to the

extent that the court may have made an assumption about Greene's life expectancy, it made clear that it wanted the term of supervised release to last for his life, so there was no improper reliance.

AFFIRMED