NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2021
Decided June 30, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1120

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:20-CR-30031-SMY-1 |
| MATTHEW L. RICHARDSON, <br> *Defendant-Appellant*. | Staci M. Yandle, <br> *Judge*. |

## O R D E R

Stipulating to a prior felony conviction, Matthew Richardson pleaded guilty to two counts of possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The plea came after he sold a shotgun and methamphetamines to an informant, a search of his home uncovered a revolver with the serial number filed off, and Richardson admitted to selling meth and two other guns, connecting himself to a total of four guns. The court sentenced him to a within-guidelines prison term of 87 months and 3 years' supervised release. Richardson appeals, but his counsel, appointed by the district court, asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would be expected to involve. Because his analysis appears

thorough, and Richardson has not responded, *see* CIR. R. 51(b), we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In his brief, counsel states that he consulted with Richardson and confirms that Richardson does not wish to withdraw his guilty plea, so counsel properly omits discussion of any arguments related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Richardson could raise any non-frivolous challenge to the calculation of his guideline range. We agree with counsel that he could not. The court correctly grouped Richardson's two closely related counts under U.S.S.G. § 3D1.2(d), and properly calculated a base offense level of 20. *See* U.S.S.G. § 2K2.1(a)(4)(B). It imposed three enhancements: committing offenses involving three to seven firearms, § 2K2.1(b)(1)(A) (two levels), possessing a firearm with an obliterated serial number, § 2K2.1(b)(4)(B) (four levels), and possessing a firearm in connection with another felony (selling meth), § 2K2.1(b)(6)(B) (four levels). The judge explained the proposed enhancements at Richardson's sentencing hearing. His counsel declined when the judge asked if he objected to the enhancements, thereby waiving any challenge on appeal. *See United States v. Greene*, 970 F.3d 831, 833 (7th Cir. 2020). Regardless, a challenge would be fruitless because Richardson admitted to the conduct underlying the enhancements and never challenged those admissions. The court reduced the offense level by three, to 27, for acceptance of responsibility; combined with the uncontested criminal-history category of III (which included convictions for unlawful driving and drug possession), this yielded a recommended range of 87 to 108 months in prison.

Counsel next rightly concludes that a challenge to the substantive reasonableness of Richardson's sentence would be pointless. Richardson's within-guidelines prison term of 87 months is presumptively reasonable. *See United States v. Clay*, 943 F.3d 805, 809 (7th Cir. 2019) (citing *United States v. Taylor*, 907 F.3d 1046, 1051 (7th Cir. 2018)). The presumption would hold here because the district court properly weighed the sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Lockwood*, 840 F.3d 896, 903 (7th Cir. 2016) (citing *United States v. McIntyre*, 531 F.3d 481, 483 (7th Cir. 2008)). Richardson advanced three mitigating arguments: (1) the guidelines range overestimates the seriousness of his criminal history; (2) because he had never been to prison, a lower sentence would suffice to deter misconduct; and (3) he was highly cooperative. The court considered each argument, but permissibly found them

"outweighed . . . by the seriousness of [the] crimes" because, it observed, selling drugs and guns together is particularly dangerous. It reasonably added that, although Richardson sought leniency based on his lack of prior prison time and his cooperation, a serious offense, even when committed by a first-time offender who cooperates, can still justify substantial punishment. Finally, the court noted that, even if it did not consider the two least serious of Richardson's three prior convictions, his prison term would still fall within the guidelines range of 78 to 97 months, further confirming its reasonableness.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.