In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-2734

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LEMUEL TYRA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03-CR 1001—**Marvin E. Aspen**, *Judge.*

ARGUED JUNE 14, 2006—DECIDED JULY 20, 2006

Before BAUER, MANION, and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* Lemuel Tyra appeals from the district court's order sentencing him to 108 months in prison for possession with intent to distribute more than five grams of cocaine base (crack), 21 U.S.C. § 841(a)(1). Tyra argues that the district court did not follow the proper post-*Booker* procedures when deciding his sentence and failed to adequately explain its reasons for imposing the sentence that it did. Because the district court followed the proper procedures when sentencing Tyra, we affirm the district court's judgment.

Tyra was arrested after selling crack on seven occasions to a police informant. He was initially charged with seven counts of possession with intent to distribute, but under a plea agreement he agreed to plead guilty to one of these

counts and stipulate to the facts underlying the others. He also admitted selling 63 grams of crack a month for a period of one year and to dealing drugs for about ten years. At Tyra's sentencing, which occurred after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), Tyra asked for a sentence below the applicable Guidelines range. He argued primarily that a lower sentence was justified because this was his first conviction and he had been well-behaved while free on bond. The district court concluded that the fact that this was Tyra's first conviction was outweighed by the seriousness of the offense and Tyra's admitted history as a frequent drug dealer. The court then sentenced Tyra to 108 months of imprisonment—the low end of the Guidelines range.

Tyra argues that his case should be remanded because it is not clear that the district court concluded that the sentence imposed was "sufficient but not greater than necessary" to meet the goals set forth in 18 U.S.C. § 3553(a). He contends that this court cannot assume that the district court applied the correct standard because it did "virtually no analysis at all" of the sentencing factors in § 3553(a). Tyra is not arguing that his sentence is unreasonable based on a specific § 3553(a) factor. Rather, he contends that the court failed to follow the proper sentencing procedures. This court uses a non-deferential standard of review when determining whether the district court followed proper post-*Booker* sentencing procedures. *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005), *petition for cert. filed*, (U.S. Jan. 5, 2006) (No. 05-8615). Tyra has not pointed to any case by this court suggesting that a district court must explicitly say that the sentence it is imposing is "sufficient but not greater than necessary." Furthermore, Tyra himself concedes that a district court need not "announce any formal litany in post-*Booker* sentencings" but must only make "a sufficient statement of reasons for its sentence to allow a reviewing

court some comfort that the correct standards have been applied."

We agree with this statement and would like to emphasize here that district courts need not recite any magic words at sentencing to assure us that the correct standard is being used. Instead, after *Booker*, district courts must do the following. They must calculate the proper Guidelines range and consider it even though the Guidelines are no longer mandatory. *United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). They must also allow defendants to point out any of the § 3553(a) factors that might justify a sentence outside of the Guidelines range, and must consider those factors when determining the sentence. *United States v. Dean*, 414 F.3d 725, 729-30 (7th Cir. 2005). The district court need not explicitly discuss all of the factors in § 3553(a), but it must show that it has given meaningful consideration to the factors, *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1182 (2006), and it must articulate the factors that determined its chosen sentence, *Dean* 414 F.3d at 729.

The district court did all of this when sentencing Tyra. Tyra does not dispute that the court accurately calculated and considered the applicable Guidelines range. The court also gave both sides a chance to argue about the application of the sentencing factors in § 3553(a). Finally, Tyra is incorrect when he states that the court offered "virtually no analysis" of the § 3553(a) factors. The court discussed both the seriousness of the offense and Tyra's history and characteristics—namely his extensive history of drug dealing—when deciding to sentence him to 108 months. The court also explicitly considered Tyra's argument that his lack of prior convictions justified a lower sentence.

Tyra points to our decision in *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), as an example of a case where we have remanded for resentencing when a

district court failed to sufficiently articulate the reasons for its decision. In *Cunningham*, we remanded because we found that the district court ignored the extensive evidence Cunningham presented that his psychiatric and substance abuse problems led to his being entrapped into committing the offense. *Id*. at 678. But Tyra has not pointed to any similarly compelling arguments that the district court ignored at his sentencing hearing. In addition, as has already been mentioned, the district court did consider Tyra's principal argument for a sentence below the Guidelines range. Tyra may be upset that the district court's explanation of its reasons for imposing the 108-month sentence was not as long or as detailed as he would like. But little explanation is necessary when a court decides to impose a sentence within the Guidelines range. *Dean*, 414 F.3d at 730.

For the foregoing reasons, we AFFIRM Tyra's sentence.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*