In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3966

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BROOK ABEBE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:09-cr-00116-SEB-KPF-1—**Sarah Evans Barker**, *Judge.*

ARGUED JUNE 1, 2011—DECIDED JUNE 29, 2011

Before FLAUM and SYKES, *Circuit Judges*, and CONLEY, *District Judge.*[*]

FLAUM, *Circuit Judge.* Brook Abebe pled guilty to armed bank robbery, discharge of a firearm during a crime of violence, and unlawful possession of a firearm by a

---

[*] The Honorable William M. Conley, Chief Judge of the United States District Court for the Western District of Wisconsin, sitting by designation.

convicted felon. He contends that the district court committed a procedural error in setting his sentence and that his above-guideline sentence is substantively unreasonable. We disagree and affirm the district court's judgment.

## I. Background

Abebe robbed a Chase Bank in Indianapolis, Indiana, while armed with a .38-caliber handgun and a rifle pellet gun. During the robbery, he ordered bank employees and customers at gun point to lie on the floor and threatened to kill them if they did not comply. Abebe stole over $9,000 from the bank and discharged his handgun twice in the process, the first time inside the bank when he fired a round into the bank's ceiling, the second outside the bank when he shot a bystander in the face while leaving the scene. (The bystander survived with serious injuries.) Abebe then hopped into his getaway car, but drove only one-half mile or so from the bank before he crashed into a ditch and was subsequently arrested. Law enforcement officials recovered Abebe's handgun in the getaway car. Notably, Abebe had four prior felony convictions at the time he robbed the bank.

Abebe was indicted on three charges: armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count One); discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Three). He pled guilty without a plea agreement to all three counts.

At Abebe's sentencing hearing, the district court calculated a guideline range of 84 to 105 months of imprisonment on Counts One and Three, noted that Count Three had a maximum sentence of 120 months of imprisonment, and found Abebe subject to a mandatory minimum sentence of 120 months of imprisonment on Count Two, to run consecutively to Counts One and Three. After hearing arguments from both sides, the district court considered the factors in § 3553(a) and sentenced Abebe to 300 months' imprisonment, consisting of 180 months on Count One, a concurrent sentence of 120 months on Count Three, and a consecutive sentence of 120 months on Count Two. It also ordered Abebe to pay restitution and imposed five years of supervised release on Counts One and Two and three years of supervised release on Count Three, to run concurrently.

## II. Discussion

Abebe directly appeals, arguing that the district court procedurally erred in setting his sentence and that his above-guideline sentence is substantively unreasonable. We discuss each argument in turn.

### 1. Procedural Error

Abebe claims that the district court erroneously focused on reasonableness when setting his sentence, instead of on imposing a sentence "sufficient, but not greater than necessary," to comply with the factors in § 3553(a)(2). 18 U.S.C. § 3553(a). We review de novo whether the district

court followed proper procedures at sentencing. *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Coopman*, 602 F.3d 814, 817 (7th Cir. 2010).

Section 3553(a) provides that sentencing courts "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and then lists a number of factors that the courts "shall consider." 18 U.S.C. § 3553(a). But courts are not required to expressly refer to that provision at sentencing. *See United States v. Tyra*, 454 F.3d 686, 687-88 (7th Cir. 2006) (rejecting a defendant's argument that the district court committed a procedural error because, he claimed, it was not clear that the district court concluded that his sentence was "sufficient, but not greater than necessary," to comply with the goals in § 3553(a), and explaining that "district courts need not recite any magic words at sentencing to assure us that the correct standard is being used"). Rather, they must "'(1) calculate the applicable Guidelines range; (2) give the defendant an opportunity to identify any of the 18 U.S.C. § 3553(a) factors that might warrant a non-Guidelines sentence; and (3) state which factors influenced the final sentence.'" *United States v. Curb*, 626 F.3d 921, 926 (7th Cir. 2010) (quoting *United States v. Campos*, 541 F.3d 735, 749-50 (7th Cir. 2008)); *see also Tyra*, 454 F.3d at 687-88. "'The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" *Curb*, 626 F.3d at 926 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). But "[t]he court need not make factual findings as to each of the sentencing

factors; it is sufficient that the record shows that the court considered them." *Campos*, 541 F.3d at 750.

We find no indication in the record that the district court did not comply with its obligation to set Abebe's sentence at a level "sufficient, but not greater than necessary," to satisfy the goals of sentencing. Further, the district court did not err by stating at sentencing that it sought to impose a "reasonable" sentence, or by never expressly mentioning its obligation to impose a sentence that is "sufficient, but not greater than necessary," to comply with the factors in § 3553(a)(2). 18 U.S.C. § 3553(a). District courts are not prohibited from using the word "reasonable" at sentencing, nor are they required to expressly mention their obligation to impose a sentence "sufficient, but not greater than necessary," to comply with the goals of sentencing. *See Tyra*, 454 F.3d at 687-88.

The district court did exactly what we ask courts to do at sentencing. It calculated the applicable guidelines range, considered Abebe's arguments for a lower sentence, and discussed and applied the factors in § 3553(a), specifically focusing on the nature and circumstances of Abebe's offense and his history and characteristics. We find no procedural error.

### 2. Substantive Unreasonableness

We also disagree with Abebe's argument that his sentence, seventy-five months above the applicable guideline range, is substantively unreasonable. "We 'will uphold an above-guidelines sentence so long as the district court

offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing such a sentence.' There is no presumption that a sentence outside the guidelines' range is unreasonable." *United States v. Aldridge*, No. 09-2520, slip op. at 12, 2011 WL 1518834, at *6 (7th Cir. Apr. 22, 2011) (quoting *United States v. McIntyre*, 531 F.3d 481, 483 (7th Cir. 2008)).

> The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Our review must take into account that a "sentencing judge is in a superior position to find facts and judge their import under [section] 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." Because the district court has greater familiarity with the case and the individual defendant and therefore an institutional advantage over an appellate court in making sentencing determinations, we must defer, absent an abuse of discretion, to its ruling.

*United States v. Carter*, 538 F.3d 784, 790 (7th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The district court considered the factors in § 3553(a) and adequately articulated its decision to impose an above-guideline sentence. Specifically, it explained that "the nature and circumstances of this offense are by every measure horrific," and that the nature of the crime was not sufficiently accounted for by the guidelines. It also emphasized that Abebe carried two firearms during the robbery,

fired his handgun "twice, once to scare the wits out of people, and the other to come within a hair's breadth of taking a life," terrorized the bank's employees and customers, forcing them "to lie down on the ground and . . . wonder[ ] if they were drawing their last breath," and placed people at risk. Although Abebe contends that a within-guideline sentence would have kept him in jail until his early-60s and thus that his above-guideline sentence is not necessary to protect the public from him committing more crimes, we find no abuse of discretion in sentencing him to 300 months of imprisonment. *Cf. United States v. Ellis*, 622 F.3d 784, 800 (7th Cir. 2010) (upholding a 90-month sentence where the applicable guideline range was 46 to 57 months); *United States v. McKinney*, 543 F.3d 911, 912, 913-14 (7th Cir. 2008) (upholding a 293-month sentence where the applicable guideline range was 188 to 235 months).

### III. Conclusion

We AFFIRM the judgment of the district court.