NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2011
Decided January 25, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-2657 | Appeal from the United States District Court for the Northern |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | District of Illinois, Western Division. |
| | No. 07 CR 50072-1 |
| *v.* | |
| MITCHEL A. FUCHS, *Defendant-Appellant*. | Frederick J. Kapala, *Judge*. |

**O R D E R**

A jury convicted Mitchel Fuchs of mail and wire fraud, *see* 18 U.S.C. §§ 1341, 1343, for brokering subprime mortgages by enticing lenders with falsified loan applications and phony documentation. At sentencing the judge determined that Fuchs qualified for a two-step increase in offense level for abuse of a position of trust, *see* U.S.S.G. § 3B1.3, which (in combination with other factors) resulted in an advisory guidelines range of 100 to 125 months. The judge went above that range and imposed a total sentence of 144 months. In support of his decision, the judge reasoned that Fuchs (1) caused substantial monetary and nonmonetary harm not accounted for in the guidelines calculation; (2) presented a greater-than-usual need for deterrence because his prior prison sentences had not curbed his criminal behavior; and (3) was "a callous, manipulative, predatory, and merciless person."

Fuchs appealed, challenging only the abuse-of-trust increase. We agreed that the increase was erroneous; accordingly, we vacated Fuchs's sentence and remanded for resentencing without the § 3B1.3 adjustment. *United States v. Fuchs*, 635 F.3d 929, 937 (7th Cir. 2011).

At resentencing Fuchs raised no objection to the guidelines calculation, which when adjusted to eliminate the § 3B1.3 increase, resulted in an advisory range of 84 to 105 months. Instead, Fuchs argued for a sentence that reflected his postsentencing rehabilitation, pursuant to *United States v. Pepper*, 131 S. Ct. 1229, 1241 (2011). Specifically, Fuchs explained that since his first sentencing, he (1) has not been cited for misconduct; (2) has held jobs, including tutoring other inmates; and (3) has enrolled in classes. The government agreed with Fuchs's reading of *Pepper* but argued that the aggravating factors present at the first sentencing substantially outweighed any postsentencing rehabilitative conduct. It therefore recommended an above-guidelines sentence.

The judge considered the arguments on both sides and arrived at an above-guidelines sentence of 117 months. The judge stated that he considered Fuchs's postsentencing rehabilitative conduct as a mitigating factor but did not give it much weight. Rather, the judge expressly adopted his explanation from the first sentencing, concluding that his assessment of Fuchs had not changed. Fuchs again appealed.

Fuchs's counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he believes this second appeal presents no nonfrivolous issues. Fuchs opposes this motion and requests the appointment of new counsel. We confine our review to the potential issues identified in counsel's facially adequate brief and in Fuchs's response. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Fuchs first asserts that his criminal-history category was incorrectly calculated. But as his counsel points out, this issue could have been raised in the first appeal and is therefore waived. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). Fuchs also maintains that his above-guidelines sentence was necessarily unreasonable. On the contrary, "[t]here is no presumption that a sentence outside the guidelines' range is unreasonable." *United States v. Abebe*, 651 F.3d 653, 657 (7th Cir. 2011) (quotation marks omitted). As explained above, here, the sentencing judge offered an adequate statement of reasons pursuant to 18 U.S.C. § 3553(a); under such circumstances, we will uphold an above-guidelines sentence. *Id.*

Fuchs's primary argument is that his trial and appellate counsel provided ineffective assistance. In particular, he accuses his current counsel of several (seemingly minor) errors in his *Anders* materials. Even assuming that Fuchs's complaints are meritorious, as his

counsel aptly points out, we have instructed defendants to table ineffective-assistance issues for collateral review. *See United States v. Waltower*, 643 F.3d 572, 579 (7th Cir. 2011) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). Thus, we agree that there are no nonfrivolous grounds for review.

Accordingly, we GRANT counsel's motion to withdraw. Fuchs's motion for appointment of substitute counsel is DENIED, and the appeal is DISMISSED.