**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2012
Decided May 31, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2654

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CR-134 |
| REZA JOHN DEMBOWSKI, *Defendant-Appellant*. | C. N. Clevert, Jr., *Chief Judge*. |

**O R D E R**

Reza Dembowski, a manager at a car dealership, stole more than $300,000 from his employer by submitting phony invoices for advertising and car-installation work that was never performed. Dembowski pleaded guilty to conspiracy to commit mail fraud, *see* 18 U.S.C. §§ 1349, 1341, and was sentenced above the guidelines range to 120 months' imprisonment. Dembowski filed a notice of appeal, but his appointed lawyer has moved to withdraw because she cannot identify a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Dembowski has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Because Dembowski has told counsel that he does not want to challenge his guilty plea, counsel properly refrains from evaluating the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel does consider whether Dembowski could challenge the district court's calculation of his guidelines range, but rightly concludes that any such challenge would be frivolous. As counsel notes, we would be unable to review any of Dembowski's challenges to the guidelines calculations because he waived them when, at his second sentencing hearing, he withdrew the objections he had earlier raised. *See United States v. Knox*, 624 F.3d 865, 875 (7th Cir. 2010); *United States v. Venturella*, 585 F.3d 1013, 1018–19 (7th Cir. 2009). And in any event, the court properly calculated a range of 57 to 71 months based on Dembowski's offense level of 23 and criminal history category of III.

Counsel also considers whether Dembowski could challenge his 120-month sentence, which is 49 months above the top end of his guidelines range. But we would uphold an above-range sentence so long as the district court reasonably applied the factors in 18 U.S.C. § 3553(a) and adequately explained the penalty. *See United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Abebe*, 651 F.3d 653, 657 (7th Cir. 2011); *United States v. Courtland*, 642 F.3d 545, 550–51 (7th Cir. 2011). Here, the court emphasized the nature of Dembowski's offense conduct, which not only caused "mammoth" losses to his employer but also "stained" the reputation of the 40-year-old company and deprived 104 coworkers of salary raises. *See* 18 U.S.C. § 3553(a)(1). The court was also troubled by Dembowski's criminal history—which included deceiving the federal government—and his pattern of deception, including an episode in which Dembowski misled his lawyer to suggest to the court that he had to return to Wisconsin to help care for his mother who had cancer, which was not in fact the case. And the court explained that a 10-year sentence was needed to reassure the public, especially in these recessionary times, that crimes like those Dembowski committed would result in "substantial" incarceration and penalties. *See id.* § 3553(a)(2)(B), (C).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.