NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2012
Decided June 7, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 11-3761 & 11-3762

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | Nos. 1:11CR00027-002 & 1:11CR00033-001 |
| DAVID RYAN BOSTIC, *Defendant-Appellant.* | Jane Magnus-Stinson, *Judge*. |

## O R D E R

David Bostic pleaded guilty to 65 felony counts involving child pornography. Initially he was indicted as part of an international ring whose members exploited very young children to produce and share child pornography from late 2009 through February 2011. *See* 18 U.S.C. §§ 2251(d), (e), 2252(a)(2), (b)(1). Bostic alone also was charged by information with sexual exploitation of a child and possession of child pornography. *See id*. §§ 2251(a), 2252(a)(4)(B). The cases were consolidated, and in exchange for Bostic's guilty pleas the government agreed not to pursue further charges related to his five known victims. Those victims ranged in age from 2 months to 4 years when they were molested. The probation officer calculated a guidelines imprisonment range of life based upon a total offense level of 52.

At sentencing Bostic conceded, through the appointed lawyer who also represents him in this court, that the probation officer had correctly calculated the guidelines range. The district judge reasoned that a stiff sentence was warranted because of the very young age of Bostic's victims, his repeated molestation and photographing of those victims over the course of two years, his prior juvenile adjudication for molesting a child, and the size of his collection of child pornography. The court imposed a total of 315 years' imprisonment. The judge concluded by noting that the lengthy sentence reflected the severity of Bostic's crimes and the need to protect children from him and would promote respect for the law and deter others from committing similar crimes.

After consulting Bostic, counsel filed a notice of appeal from only the sentences in the two cases. *See* 18 U.S.C. § 3742(a). The lawyer has concluded that any appellate claim would be frivolous, however, and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Bostic has responded to counsel's submission, *see* CIR. R. 51(b), and we limit our review to counsel's facially adequate brief and Bostic's response, *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first explores whether Bostic could claim that the district court committed procedural error at sentencing. But counsel was present for Bostic's sentencing, and even after reviewing a transcript of that proceeding he is unable to identify any shortcoming which would support a possible appellate claim. The lengthy transcript shows that Bostic agreed to the judge's application of the sentencing guidelines, that the court gave Bostic an opportunity to call witnesses and to identify grounds in mitigation relevant to the factors in 18 U.S.C. § 3553(a), and articulated how those factors had influenced the final sentence. *See United States v. Abebe*, 651 F.3d 653, 656 (7th Cir. 2011); *United States v. Curb*, 626 F.3d 921, 926 (7th Cir. 2010); *United States v. Millet*, 510 F.3d 668, 680 (7th Cir. 2007).

Counsel next posits that any challenge to Bostic's within-guidelines sentence on the ground that it is substantively unreasonable would be frivolous. Any sentence that is within a correctly calculated guidelines range receives a rebuttable presumption of reasonableness, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Johnson*, 534 F.3d 690, 696 (7th Cir. 2008), and counsel sees no avenue for rebuttal; nor do we. Three hundred fifteen years imprisonment is obviously an extremely stiff sentence for a non-capital offense. However, assuming an adequate basis for these guidelines, the present record does not give us a reason to question the district judge's detailed explanation for why Bostic deserves this level of punishment. So we agree with counsel's assessment that challenging the sentence's substantive reasonableness would be frivolous.

Bostic, in his Rule 51(b) response, insists that the district judge imposed a disparate sentence in violation of 18 U.S.C. § 3553(a)(6). But that provision addresses disparities

among defendants with similar records who have been found guilty of similar conduct, and Bostic has not identified any comparators. *See United States v. Durham*, 645 F.3d 883, 897 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 1537 (2012).

Finally, Bostic levels a number of allegations about counsel's performance, both in the district court and in this court. Among Bostic's accusations—all of them made for the first time in this court—is that counsel coerced his guilty pleas by promising that he would be sentenced to no more than 40 years in prison. That particular contention is arguably beyond the scope Bostic's appeals, *see* 18 U.S.C. § 3742(a), but even if we could consider a claim of coerced guilty pleas in these direct appeals, we would not do so. This claim, as well as Bostic's other contentions about counsel's performance, depend upon evidence that does not exist in the present record and, thus, are better saved for a postconviction proceeding where the record may be expanded. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Persfull*, 660 F.3d 286, 289 (7th Cir. 2011), *petition for cert. filed*, 60 U.S.L.W. 3529 (U.S. Feb 24, 2012) (11-1060); *Bethel v. United States*, 458 F.3d 711, 716– 17 (7th Cir. 2006).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** these appeals. Bostic's motion to compel his counsel and the United States Attorney for the Southern District of Indiana to produce discovery materials and other documents is **DENIED**.