NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013
Decided June 21, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 13-1155

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Western District of Wisconsin. |
| *v.* | No. 3:12CR00084-001 |
| CHRISTOPHER MARSHUN CARTHANS, <br> *Defendant-Appellant.* | Barbara B. Crabb, <br> *Judge.* |

**O R D E R**

Christopher Carthans's problems began when he fled from the police after a traffic stop. Officers located him within minutes and found a handgun in a dumpster along the route he had taken. Carthans, who had a prior felony conviction for possession with intent to deliver crack cocaine, see WIS. STAT. § 961.41(1m)(cm)(1r), was charged by indictment with possession of a firearm by a felon, see 18 U.S.C. § 922(g)(1), and pleaded guilty. The district court calculated a guidelines imprisonment range of 46 to 57 months and sentenced Carthans to 60 months. Carthans filed a notice of appeal, but his appointed lawyer asserts that the possible appellate claims are frivolous and seeks to withdraw under *Anders v.*

*California*, 386 U.S. 738, 744 (1967). We invited Carthans to comment on counsel's motion, but he has not responded. See CIR. R. 51(b). We confine our review to the potential issue identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Carthans has told counsel that he does not want to challenge his guilty plea, and so counsel properly forgoes discussing the adequacy of the plea colloquy or the voluntariness of the plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel does consider whether Carthans could challenge his 60–month sentence, which is three months above the top end of his guidelines range, as unreasonable. But we will uphold an above-range sentence so long as the district court properly calculated the range, reasonably applied the factors in 18 U.S.C. § 3553(a), and adequately explained the penalty. See *United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Abebe*, 651 F.3d 653, 657 (7th Cir. 2011); *United States v. Courtland*, 642 F.3d 545, 550–51 (7th Cir. 2011). Here the court emphasized the violent nature of Carthans's convictions (including multiple convictions for battery) and noted that he was not "learning" from his mistakes; instead, he used marijuana and repeatedly committed new offenses while on supervised release. The court thus reasonably concluded, based on the "serious, violent, and repetitive nature" of Carthans's past crimes, that an above-range sentence was necessary to hold him "accountable" and "protect the community." See 18 U.S.C. § 3553(a)(2)(B), (C); *United States v. Valle*, 458 F.3d 652, 658–59 (7th Cir. 2006).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.