NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013
Decided July 9, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3012

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CR-175 |
| VICENTE RAMIREZ-MENDOZA, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

This is Vicente Ramirez-Mendoza's second appeal of his 144-month sentence after pleading guilty to conspiring to distribute marijuana. Last year we vacated and remanded his sentence on the ground that the district court failed to address one of his arguments in mitigation. On remand, the district court imposed an identical sentence, and Ramirez-Mendoza again appeals. His appointed counsel, however, has concluded that the appeal lacks merit and moves to withdraw. See *Anders v. California*, 386 U.S. 738 (1967).

Ramirez-Mendoza has not accepted our invitation to respond to counsel's motion. See CIR. R. 51(b). We address the potential arguments identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Ramirez-Mendoza served as a middleman in a large-scale drug-trafficking organization and was present during the kidnapping of the brother of a man who owed money to the organization. He was arrested after the victim escaped and notified authorities, and he was charged with conspiracy to kidnap, 18 U.S.C. § 1201(c), possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(i), conspiracy to distribute marijuana, 21 U.S.C. §§ 846, 841(b)(1)(B), and illegally reentering the country after having been removed, 8 U.S.C. § 1326(a). He pleaded guilty to the marijuana charge and the remaining charges were dismissed. The district court sentenced him to 144 months' imprisonment—57 months above the high end of his guidelines range—based primarily on his participation in the "very serious" kidnapping. The court rejected Ramirez-Mendoza's claim that he was not involved in the kidnapping and in fact had been held captive along with the victim. On appeal, we agreed with Ramirez-Mendoza that the district court failed to address his alternative argument that he was coerced into participating in the kidnapping through threats against his family in Mexico, and we remanded for resentencing. See *United States v. Ramirez-Mendoza*, 683 F.3d 771, 777 (7th Cir. 2012).

At resentencing, the district court considered Ramirez-Mendoza's coercion argument but reimposed the 144-month sentence. The court acknowledged that Ramirez-Mendoza was likely subjected to some pressure but found this pressure insufficient to support a finding that he was not responsible for the kidnapping. The court also noted that it disbelieved Ramirez-Mendoza's claim not to have participated in the kidnapping, and thus accorded little weight to his claim that his participation was coerced.

Counsel first considers whether Ramirez-Mendoza could argue that the district court clearly erred by declining to credit his uncorroborated claim that he was coerced to participate in the kidnapping. Counsel rightly concludes that this argument would be frivolous because the district court explained its reasons for disbelieving Ramirez-Mendoza: his denial of involvement in the kidnapping was undermined by statements from the victim as well as cellular-tower data showing that his phone had traveled from Chicago to Milwaukee and back on the day of the kidnapping; he continued to try to collect on the drug debt after the kidnapping victim escaped; and he neither attempted to withdraw from the conspiracy nor told authorities of any threats against him. Given this explanation, and because a district court's credibility findings are entitled to the highest deference, see *United States v. Ngatia*, 477 F.3d 496, 500 (7th Cir. 2007), we would not conclude that the district court clearly erred by failing to find that Ramirez-Mendoza was coerced to participate in the kidnapping.

Counsel also considers whether Ramirez-Mendoza could argue that his 144-month sentence is substantively unreasonable because the district court did not adequately explain its reasons for the above-guidelines sentence. Although the sentence is about 66 percent longer than the top end of Ramirez-Mendoza's 70-to-87-month guidelines range (which included upward adjustments based on the use of violence and of a firearm in the kidnapping, see U.S.S.G. §§ 2D1.1(b)(1), (b)(2)), we would uphold an above-guidelines sentence so long as the district court adequately explained its reasons in light of the factors in 18 U.S.C. § 3553(a). See *United States v. Abebe*, 651 F.3d 653, 657 (7th Cir. 2011); *United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Courtland*, 642 F.3d 545, 550–51 (7th Cir. 2011). Here, the court thoroughly discussed the § 3553(a) factors at sentencing, noting the need to protect the public and promote respect for the law and highlighting the seriousness of the kidnapping, which involved bodily injury and physical assault. In light of this explanation, it would be frivolous for Ramirez-Mendoza to argue that his sentence was unreasonable.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.