NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 10, 2013
Decided July 16, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1510

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 2:12-cr-00193-RTR-1 |
| | |
| CLAUDIE WEBSTER, | Rudolph T. Randa, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Claudie Webster pleaded guilty to robbery affecting interstate commerce, 18 U.S.C. § 1951. The district court calculated a Guidelines range of 151 to 188 months' imprisonment and sentenced Webster to 151 months. On appeal Webster argues that the court committed several procedural errors: failing to address two of his mitigating arguments, relying on extraneous and controversial subject matter, and placing undue import on the Guidelines range. We affirm the sentence.

In May 2012, Webster and Tonya Lowe decided to rob a pharmacy in Milwaukee in order to obtain oxycodone products. They recruited three other participants: Willie Barnes, James Watson, and Derrick Roundtree. They decided that Barnes and Roundtree would commit the robbery and that Webster and Watson would be the getaway drivers. Webster provided Barnes with a gun to use during the robbery. Inside the pharmacy Lowe acted as a lookout

while Barnes and Roundtree leapt over the pharmacy counter, ordered the head pharmacist to open the drug safe and give them all of the oxycodone products, and forced the other pharmacists to the floor. Roundtree brandished the gun during the robbery. The head pharmacist put oxycodone, Percocet, and Oxycontin pills into a bag. Barnes and Roundtree then fled out the rear door of the pharmacy; Lowe walked out the front door and got into Webster's car.

The police arrived quickly and chased Barnes and Roundtree, who threw the gun and the bag of drugs on the ground. (Both the gun and drugs were recovered by the officers.) Roundtree was arrested and confessed, describing each person's role in the robbery. Barnes escaped; Webster and Lowe picked him up a short distance away from the pharmacy. Webster, Barnes, Lowe, and Watson were all arrested within the next week. Each participant confessed to the robbery and pointed to Webster as a main planner and recruiter. Webster initially denied involvement in the robbery but later confessed.

After Webster pleaded guilty, a probation officer prepared a presentence report noting that Webster is a career offender, *see* U.S.S.G. § 4B1.1, and calculated his Guidelines imprisonment range as 151 to 188 months. Webster submitted a sentencing memorandum requesting a below-range sentence of 96 months and asking the district court to consider his difficult childhood. Webster also argued that, because he has never spent more than three consecutive years in prison, an eight-year sentence would be substantial enough to deter him from future criminal activity. Finally, Webster argued that, because his accomplices already had received sentences far below 151 months, a within-Guidelines sentence for him would be unfairly disproportionate.[1] The government requested a 151-month sentence.

At sentencing Judge Randa adopted the probation officer's Guidelines calculation of 151 to 188 months but acknowledged that, although the Sentencing Guidelines are "the law of the land" and reflect "over two-and-a-half decades of sentencing wisdom," they are "not mandatory." The judge also discussed the sentencing factors under 18 U.S.C. § 3553(a), focusing on the serious nature of the offense, the long-term psychological effects on the

---

[1] Three of Webster's accomplices—Barnes, Lowe, and Watson—pleaded guilty to robbery affecting interstate commerce and were sentenced by Judge Randa in the Eastern District of Wisconsin. *See United States v. Watson*, No. 12-Cr-134 (E.D. Wis. Jan. 25, 2013) (51 months); *United States v. Lowe*, No. 12-Cr-134 (E.D. Wis. Jan. 25, 2013) (46 months); *United States v. Barnes*, No. 12-Cr-134 (E.D. Wis. Dec. 20, 2012) (63 months). Roundtree, the last accomplice, was convicted in Wisconsin state court of armed robbery with use of force, *see* WIS. STAT. 943.32(2), and sentenced to 24 months' imprisonment. *See State v. Roundtree*, No. 2012CF002453 (Wis. Cir. Ct. Dec. 19, 2012).

victims, and Webster's extensive criminal history, including convictions for burglary and battery, and several convictions for theft and drug possession. Judge Randa then weighed in Webster's favor his difficult childhood and his good relationships with his children. The judge then said:

> You know, the Good Book says "When I was a child I thought as a child, but when I became a man I thought as a man." And that's the way it is. You got to do it. You got to grow out of that stuff. Everybody gets bum raps. Life is difficult.
>
> You know, I just read a book by a guy named Viktor Frankl. He was in a concentration camp for four years. He's a psychiatrist. And he said there are two types of people in this world regardless of whether you're intelligent, whether you're wealthy, whether you come from this group, that group, or another group, there are two types of people in the world. There are decent people and there are indecent people. You're either one or the other. You can't be in between. You got to make choices. And that's what the Government was talking about. Choices are made along the way. I think it was the Government that said that. Choices were made along the way, and now you got to be responsible for those choices.
>
> So here I am a Judge, I've been being this for 38 years. And [the defense attorney] has got great . . . belief in your potential. And I do, too. But from what I've been saying, you kind of get the drift, that you have to take responsibility for your actions, one; and two, when you get here, it's kind of Old Testament type of stuff; eye for an eye, tooth for a tooth, which is bundled up in the phrase "You do the crime you got to do the time."

Finally the judge concluded that, in Webster's case, "the Guidelines got it just about right" and sentenced him to 151 months. Webster appeals the sentence.

Webster first contends that the district court ignored two of his mitigating arguments and thus committed procedural error. According to Webster, Judge Randa failed to address his contentions that (1) an eight-year sentence would be sufficient since he has never spent more than three consecutive years in prison, and (2) his sentence should be proportionate to those of his accomplices, the longest being 63 months.

The record shows that the district court did not ignore Webster's argument that the minimal amount of time he spent in prison for his prior convictions justifies a below-Guidelines sentence; in fact, Judge Randa considered Webster's convictions and decided that, to the contrary, they weighed strongly *against* him, *see United States v. Jackson*, 547 F.3d 786, 794–95 (7th Cir. 2008) (rejecting contention that district court had failed to consider argument

that defendant's youth was mitigating factor, since court did consider youth of defendant but decided that "unfortunately . . . it happens to cut against him in this case"). After detailing Webster's extensive criminal history, the judge told him that he must "grow out of that stuff." (Webster, who is 33, burglarized a home at age 10 and, since then, has accumulated 16 more adult or juvenile convictions.) In the court system, the judge continued, "everybody's responsible for their own behavior" and Webster should have made better choices starting at least a decade ago when he had "an understanding . . . of what's right and what's wrong." The court acted within its discretion by giving significant weight to Webster's criminal history and concluding that "the Guidelines got it just about right" in his case, *see United States v. Reibel*, 688 F.3d 868, 872 (7th Cir. 2012) ("[S]entencing judges have discretion over how much weight to give a particular factor.").

Nor did the district court err by not commenting on Webster's argument that a below-Guidelines sentence was necessary to avoid a sentencing disparity. A sentencing judge need not address arguments that are stock or obviously lacking merit. *See United States v. Patrick*, 707 F.3d 815, 818–19 (7th Cir. 2013); *United States v. Vidal*, 705 F.3d 742, 744 (7th Cir. 2013); *United States v. Runyan*, 639 F.3d 382, 383–84 (7th Cir. 2011); *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005). And Webster's argument is frivolous. District courts are required to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Webster complains that he was treated more harshly than his codefendants, but this court has made clear that § 3553(a)(6) is applicable only if the sentencing court is "presented with disparate sentences *not among codefendants or coconspirators* but among judges or districts." *United States v. Scott*, 631 F.3d 401, 405 (7th Cir. 2011) (emphasis added); *see United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012). Thus, although Judge Randa had discretion in evaluating the § 3553(a) factors to compare the sentences of Webster and his accomplices, the judge was not required to do so. *See Grigsby*, 692 F.3d at 792; *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009). Moreover, because the Sentencing Guidelines are designed to treat similarly-situated offenders similarly, a within-Guidelines sentence—such as Webster's—"'necessarily' complies with § 3553(a)(6)." *Bartlett*, 567 F.3d at 908; *see United States v. Matthews*, 701 F.3d 1199, 1205 (7th Cir. 2012); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). Finally, in the district court Webster conceded, through counsel, that his extensive criminal history differentiates him from his accomplices and thus "he should receive a greater prison term." Judge Randa agreed and, considering Webster's prior convictions, concluded that a within-Guidelines sentence is appropriate.

Webster also argues that Judge Randa erred by discussing extraneous and controversial subject matter, specifically commenting that all persons are either "decent" or "indecent," referencing the Old Testament, and stating that the expression "eye for an eye, tooth for a tooth" "is bundled up in the phrase 'You do the crime you got to do the time.'" But a review

of the sentencing transcript shows that Judge Randa made these statements in the context of telling Webster that he must take responsibility for his bad choices. These comments fall short of the "litany of inflammatory remarks," *United States v. Figueroa*, 622 F.3d 739, 744 (7th Cir. 2010), that might have undermined the court's explanation for Webster's sentence, *see United States v. Trujillo-Castillon*, 692 F.3d 575, 577, 579 (7th Cir. 2012) (vacating sentence where the judge appeared to rely on defendant's Cuban heritage at sentencing); *Figueroa*, 622 F.3d at 743–44 (vacating sentence where the judge's remarks about Adolph Hitler, Hugo Chavez, and Mexico's relation to drug trade undermined stated basis for sentence); *United States v. Smith*, 400 F. App'x 96, 98–100 (7th Cir. 2010) (vacating sentence where the judge's comments that the defendant was "ruining Mexico" and contributing to "broader issues of urban decline" undermined stated basis for sentence). *Compare United States v. Wilson*, 383 F. App'x 554, 556–57 (7th Cir. 2010) (affirming sentence where, although this court was "troubled" by the judge's extraneous discussion of border violence and the effect of the drug trade on his childhood neighborhood, the hearing transcript showed that he based the sentence on the § 3553(a) factors).

Webster next contends that the district court impermissibly presumed that a within-Guidelines sentence is reasonable. But even if it is procedural error for a sentencing judge to presume the reasonableness of a within-Guidelines sentence, *see Gall v. United States*, 552 U.S. 38, 50 (2007), here the judge applied no such presumption. After adopting the properly calculated Guidelines range, the judge proceeded to consider the statutory sentencing factors in § 3553(a), focusing particularly on Webster's extensive criminal history, his difficult childhood, and the serious nature of the crime. This discussion demonstrates that the court meaningfully considered the sentencing factors, which is all it needed to do. *See United States v. Martinez*, 520 F.3d 749, 753 (7th Cir. 2008); *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008). Webster further contends that Judge Randa's comments that the Guidelines are "the law of the land" and reflect "over two and a half decades of sentencing wisdom" show that the judge erroneously treated the Guidelines as mandatory. Treating the Guidelines as mandatory also would be procedural error, *Matthews*, 701 F.3d at 1203, but this court has expressed skepticism that any sentencing judge could mistakenly believe, *seven years* after *United States v. Booker*, 543 U.S. 220 (2005), that the Guidelines are mandatory. *See Matthews*, 701 F.3d at 1204. Here the judge stated explicitly that the Guidelines are "not mandatory," making clear that he did not think he was required to impose a within-Guidelines sentence. Instead the judge properly treated the Guidelines as a starting point, analyzed the statutory factors, and determined that, in Webster's case, a within-Guidelines sentence of 151 months was appropriate.

Webster's final argument fails for similar reasons. He contends that the district judge failed to articulate how a 151-month sentence conforms with the statutory requirement that he "impose a sentence sufficient, but not greater than necessary" to meet the goals set forth in

18 U.S.C. § 3553(a). But, as Webster recognizes in his brief, sentencing courts are not required to explicitly say that the sentence being imposed is "sufficient, but not greater than necessary." *See United States v. Pennington*, 667 F.3d 953, 957 (7th Cir. 2012); *United States v. Abebe*, 651 F.3d 653, 656–57 (7th Cir. 2011); *United States v. Tyra*, 454 F.3d 686, 687 (7th Cir. 2006). And here, as discussed above, the judge calculated the proper Guidelines range and gave meaningful consideration to the sentencing factors outlined in § 3553(a).

AFFIRMED.