NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2013
Decided July26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3741

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 485-6 |
| JAVIER HERNANDEZ, *Defendant-Appellant.* | Harry D. Leinenweber, *Judge.* |

**O R D E R**

Javier Hernandez engaged in a conspiracy in which he sold cocaine and crack in Peoria County, Illinois, between 2000 and June 2005. During the last four months, he also engaged in a separate conspiracy—the subject of this appeal—selling heroin and cocaine in Chicago. Hernandez entered guilty pleas for his role in both conspiracies. With regard to the Peoria-based conspiracy, he pleaded guilty in the Central District of Illinois to conspiring to distribute cocaine and crack, *see* 21 U.S.C. 846, 841(a)(1), and was sentenced to 360 months' imprisonment. *See United States v. Hernandez*, 544 F.3d 743 (7th Cir. 2008); *United States v. Hernandez*, 395 F. App'x 294 (7th Cir. Sept. 28, 2010). Regarding the Chicago conspiracy, he shortly thereafter pleaded guilty in the Northern District of Illinois to conspiring to distribute heroin, distributing cocaine, and possessing with intent to distribute cocaine and

heroin, *see id.* §§ 846, 841(a)(1), and was sentenced to 151 months' imprisonment—the bottom of the calculated guidelines range—with 91 of those months to be served concurrently with the sentence for the prior conviction based on the Peoria conspiracy. He filed a notice of appeal, but his appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Hernandez has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first notes that Hernandez does not want to challenge his guilty plea, and thus counsel properly refrains from discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Hernandez could argue that the district court erred by rejecting his contention that his prior conviction should not count towards his criminal history score (category IV) because that conviction was based on the "same general activity" as this case. It is true that prior conduct may not be "double counted"—first as relevant conduct increasing the defendant's total offense level, and again as relevant criminal history that places the defendant in a higher criminal history category, *see* U.S.S.G. §§ 4A1.1, 4A1.2(a)(1) & cmt. n.1; *United States v. Nance,* 611 F.3d 409, 412–13 (7th Cir. 2010)—but the applicable guideline defines relevant conduct as the same transaction or occurrence. *See* U.S.S.G. § 1B1.3. There was "no link whatsoever" between the Peoria and Chicago cases, according to the investigating FBI agent, and Hernandez offered nothing in rebuttal beyond his counsel's bare assertion at sentencing that the two cases constituted the "same general activity." We thus agree with counsel that it would be frivolous to challenge the court's calculation of his criminal history score.

Finally counsel concludes, and we agree, that a challenge to the reasonableness of Hernandez's prison sentence would be frivolous. As counsel notes, we would presume that the within-guidelines sentence is reasonable, *see Rita v. United States,* 551 U.S. 338, 350–51 (2007); *United States v. Klug,* 670 F.3d 797, 800 (7th Cir. 2012), and counsel does not identify any reason to disturb that presumption. Though the district judge did not specifically recite the factors in 18 U.S.C. § 3553(a), his statements in context at sentencing reflect that he did consider them. *See United States v. Abebe,* 651 F.3d 653, 656 (7th Cir. 2011) (citation omitted). After the parties debated whether the sentence should be consecutive to or concurrent with the prior sentence, the judge agreed with Hernandez that it would be "Draconian" to "put[] him away until he's 80 years old." The court concluded, however, that a partially consecutive sentence was necessary to provide just punishment, noting that "there must be some punishment for this particular case" and that such a sentence would be consistent

with those imposed on Hernandez's codefendants. No rational person could conclude that the court abused its discretion in making that assessment.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.