NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2014
Decided October 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1397

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff–Appellee,* | Appeal from the United States District <br> Court for the Western District of Wisconsin. |
| *v.* | No. 3:13CR00041-001 |
| JOHN GLAVIN, <br> *Defendant–Appellant.* | Barbara B. Crabb, <br> *Judge.* |

## O R D E R

John Glavin, the self-described governor of the Wisconsin Republic free state in the Sovereign Citizens for Liberty movement, not only stopped paying federal income taxes in 2001 but also filed fraudulent returns falsely claiming refunds for tax years 2005 and 2008 totaling more than $950,000. Glavin pleaded guilty to making a false claim against the United States, *see* 18 U.S.C. § 287, and was sentenced to 36 months' imprisonment. He filed a notice of appeal, but his appointed attorney asserts that all possible appellate claims are frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Glavin has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Counsel submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to

involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Glavin could challenge the voluntariness of his guilty plea but neglects to say whether he discussed this possibility with his client. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But counsel's omission does not require that we deny the *Anders* motion, because his discussion and our review of the record convince us that such a challenge would be frivolous. *See Konczak*, 683 F.3d at 349. Glavin did not move to withdraw his guilty plea in the district court, so we would review the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The transcript of the plea colloquy reflects that the district court substantially complied with Federal Rule of Criminal Procedure 11. The court admonished Glavin about the rights he was waiving by pleading guilty and assured that his plea was voluntary. *See* FED. R. CRIM. P. 11(b)(1), (2). And the government proffered a factual basis for the crime, which Glavin confirmed as correct. *See* FED. R. CRIM. P. 11(b)(3). Although the court did not say expressly that it would evaluate "possible departures under the Sentencing Guidelines" and "sentencing factors under 18 U.S.C. § 3553(a)," *see* FED. R. CRIM. P. 11(b)(1)(M), the court did explain to Glavin that after calculating the guidelines range it could "give a higher sentence or a lower one" if "such a sentence would better carry out the purposes of sentencing." This slight variation from the language of the rule could not amount to plain error. *See Davenport*, 719 F.3d at 618.

Counsel next considers arguing that the district judge erred by refusing to recuse herself before sentencing. Glavin, through present counsel, filed a motion under 28 U.S.C. § 455(a) demanding that the judge recuse herself after describing him as selfish and untrustworthy during the plea hearing because, while on pretrial release, he had filed sovereign-citizen documents with the attorney, sheriff, and county court involved with foreclosing on his home. The lawyer is correct that this possible claim would be without merit, and there is another more fundamental reason why an appellate claim would be frivolous: The denial of a motion for recusal under § 455(a) must be challenged immediately by a mandamus action, *see United States v. Johnson*, 680 F.3d 966, 979–80 (7th Cir. 2012); *United States v. Diekemper*, 604 F.3d 345, 352 (7th Cir. 2010), and Glavin's failure to do so would prevent our review.

Finally, counsel considers whether Glavin could challenge the reasonableness of his prison sentence. Counsel reviewed the district court's guidelines calculations but did not identify any basis for challenging the total offense level of 17 and criminal-history category of II, which yielded an imprisonment range of 27 to 33 months. Glavin's 36-month term is a little above the top of this range, but we agree with counsel that a reasonableness challenge would be frivolous. We will uphold an above-guidelines sentence so long as the district court gave adequate reasons consistent with the statutory factors. *See* 18 U.S.C. § 3553(a); *United States v. Abebe*, 651 F.3d 653, 657 (7th Cir. 2011); *United States v. McIntyre*, 531 F.3d 481, 483–84 (7th Cir. 2008). The district court explained that Glavin, a chiropractor, had put his wife and their 11 children at risk of losing their home and possessions by not paying taxes for years. And, the court continued, Glavin had not promised to comply with the tax laws going forward, he had ignored court orders prohibiting his filing of petitions raising "long-discredited" sovereign-citizen arguments during the IRS investigation, and he had benefitted from the government's forbearance in not pursuing additional charges based on his filing of fictitious promissory notes and bonds with the U.S. Secretary of the Treasury and an IRS agent from 2008 to 2010. These factors, the district court concluded, justified a sentence three months above the guidelines range, and an argument that the court abused its discretion in imposing that sentence would be frivolous. *See United States v. Taylor*, 701 F.3d 1166, 1174–75 (7th Cir. 2012); *McIntyre*, 531 F.3d at 483–84.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.